ALFRED STEPHENSON *et al.*, Defendants in Error, *v.* WILLIAM H. PORTER, Plaintiff in Error.

1. *Courts, justices'— Items of account must show the amount sued for.*—In an action before a justice of the peace, the account sued on and the specific items claimed, and not the amount named in the prayer for judgment, must be taken as showing the "debt or balance" sued for.

2. *Agent — Testimony of, binding on principal, when—Practice, civil—Actions ex contractu.*—In a suit against a sheriff for pasturage of certain cattle seized under execution, a promise to pay the amount claimed, by one who acted as his deputy in the transaction of the business, is binding on the sheriff. In such case, if the cattle remained in the plaintiff's pasture by his permission, he would be entitled to a reasonable compensation, even though they were originally placed there against his consent. Plaintiff, on such a state of facts, could properly recover in an action *ex contractu.*

*Error to First District Court.*

*J. F. Phillips*, for plaintiff in error.

*Wright & Cochran*, for defendants in error.

CURRIER, Judge, delivered the opinion of the court.

This suit was instituted before a justice of the peace to recover a sum claimed to be due from the defendant to the plaintiffs. Judgment was recovered by the plaintiffs, and the defendant appealed to the Circuit Court; where, on a trial *de novo*, the plaintiff again succeeded, and recovered a judgment for $46.72. On appeal by the defendant to the District Court, the judgment was affirmed, and the defendant now brings the case here by writ of error.

It is objected that the demand in suit exceeds the jurisdiction of a justice; that improper evidence to the prejudice of the defendant was admitted; that the evidence does not support the action; and that the court erred in declaring the law of the case.

1. The account forming the basis of the plaintiffs' claim, and the justice's transcript of his docket, show that the suit was brought to recover the sum of $80.80. The written statement of the case, filed with the justice in connection with the account, also shows that the claim, which consisted of two items—one for $44.80 and one for $36—was for $80.80; but the prayer for judgment is for $90.80. The transcript, the account, and the specific items claimed in the written statement must be taken as showing the "debt or balance" sued for. (Gen. Stat. 1865, ch. 177, § 2.) The amount stated in the prayer for judgment is an evident erroneous footing of the items of the claim sued on.

2. The case shows that the defendant was, in 1861, the sheriff of Pettis county, and that Samuel O. Yankee was his deputy. Yankee, in November of that year, as such deputy, levied an execution on a large number of cattle, the property of the execution debtor, and left them in the plaintiffs' pasture, where they had just been driven for the purpose, as the evidence tended to show, of being separated from cattle owned by the plaintiffs and another party. The plaintiff, Stephenson, testified that he notified Yankee at the time that the pasture belonged to him and his associate, and that they would "hold him responsible;" that he met Yankee a day or two after and told him that unless the animals were removed, or an arrangement was made, he would turn them into the common; that Yankee stated in reply that the animals would be released in a few days; to let them remain, and that he (Stephenson) would be paid for it. He further testified, among other things, that the cattle remained in the pasture for a week or so, and were then taken away, whereupon he presented his bill to the defendant, who, as the witness testified, promised to pay it in the course of two or three weeks.

The statements made on the second interview between Stephenson and Yankee are objected to as irrelevant and incompetent. The objection is untenable. Yankee made the levy, and had charge of the business as the defendant's representative. What passed between him and Stephenson stands on the same footing as though the conference had occurred between Stephenson and Yankee's principal. Porter's presence at the original levy does

not modify the case. Yankee transacted the business as Porter's deputy.

3. At the conclusion of the testimony, the court gave for the plaintiffs two declarations of law, to the effect that if the jury found that the defendant levied on the animals and placed them in the plaintiffs' pasture, and they remained there with the plaintiffs' assent, the plaintiffs would be entitled to the reasonable value of the pasturage, although the jury might be satisfied that the animals were originally left in the pasture against the plaintiffs' consent. The instructions are inartificially drawn, but are, in substance, correct, and could not have misled the jury to the defendant's prejudice.

4. The defendant asked the court to instruct that "from the evidence in the case, the plaintiffs were not entitled to recover under this form of action."

Forms of action in justices' courts, in civil causes, are of but little moment. It is substance, and not form, that is important. The plaintiffs sued in form *ex contractu*. It seems to be the theory of the defendant's counsel that the evidence only warrants a recovery in an action *ex delicto*. The suit was well brought, and the evidence was sufficient to submit the case to the jury on such instructions as were given.

The whole substance of the case is this: the plaintiffs objected to the animals remaining in their pasture after they were levied upon — made no contract then, express or implied; but subsequently, and in a day or two, at the instance of the defendant's deputy, who had the business in charge, allowed the animals to remain as was desired, and in due time presented a bill for payment, which, as there was evidence tending to show, the defendant recognized and promised to pay, but never did.

Let the judgment be affirmed. The other judges concur.