## CHARLES R. PIERCE, Appellant, v. JAMES LEE, doing business under the name and style of THE LEE LINE STEAMERS.

### Division Two, June 19, 1906.

1. **GRANTING NEW TRIAL: Reason Not Specified: Appeal.** The statute requiring "every order allowing a new trial" to "specify of record the ground or grounds on which such new trial is granted," is not mandatory in the sense that the respondent must suffer for the failure of the court to specify of record the ground for ordering a new trial. In such case the action of the court cannot be assumed to have been based on any particular ground, but the ruling will be considered on appeal, as prior to this statute, by looking into the correctness of the rulings below in admitting evidence, and in giving and refusing instructions.

2. ———: ———: **Verdict Against Law.** Where there was ample evidence to support the verdict, the presumption will not be indulged that the trial court granted a new trial on the ground that the verdict was against the law under the evidence.

3. ———: ———: **Refusing Instructions.** Where the instructions requested on behalf of the losing party were properly refused, either because there was no evidence on which to base them, or because they wrongly declared the law, it will not be held that the court granted the new trial because of the refusal of those instructions.

4. **WILL: Condition Broken: Forfeiture: No Entry: Waiver.** Where an estate was devised to testator's wife upon condition that she convey one third of it to each of his two sons on their reaching the age of twenty-one years respectively, and she failed to comply with the same, but long after one of them reached that age she leased a part of the land belonging to the estate without his joining therein, and he at no time made entry for condition broken, nor complained and took no action to obtain possession, but shared in the rents collected, he waived the condition and his right to assert forfeiture.

5. ———: ———: ———: ———: ———: **Ejectment: No Title In Plaintiff.** The plaintiff, in order to maintain ejectment, must have the legal title. If the property was devised by will to plaintiff's mother upon condition that when he became of age she would convey one-third thereof to him, and she had failed to do that up to the time suit was brought, and he had not entered for condition broken but had waived same, he cannot maintain ejectment.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Roberts & Corbett* for appellant.

(1) Every order granting a new trial shall specify of record the ground or grounds upon which the same is granted. Sec. 801, R. S. 1899. This is a positive command of the statute. Candee v. Railroad, 130 Mo. 153; Millar v. Car Co., 130 Mo. 517. It is, and should be, the purpose of the court to endeavor to effectuate the intention of the Legislature as expressed in this' statute, and to say that the trial court did not err in granting a new trial without specifying of record the ground or grounds upon which the same was granted, would render this statute a meaningless conglomeration of words. Candee v. Railroad, 130 Mo. 154; Millar v. Car Co., 130 Mo. 517. (2) There was abundant evidence to support the verdict of the jury; they are the sole judges of the facts, and their verdict should not have been disturbed if there was any evidence upon which the same was predicated. And it was error for the court to grant a new trial for this reason. Gannon v. Light Co., 145 Mo. 502. (3) Plaintiff had the right to sue in ejectment for condition broken. O'Brien v. Wagner, 94 Mo. 93; Ellis v. Kyger, 90 Mo. 600. (4) Defendant's instruction 5 was properly refused, for the reason that there was no evidence upon which to predicate it. (5) Defendant's instruction 6 was properly refused, for the reason that if the plaintiff was entitled to recover under the will, he was entitled to what the will gave him. The latter part of the instruction is also clearly inconsistent with the first part of it. (6) Defendant's eighth assignment of error in his motion for a new trial is that the court erred in refusing to sus-

tain his demurrer to plaintiff's evidence. There is no merit in this contention, as his demurrer was waived by offering testimony in his own behalf. Hilz v. Railroad, 101 Mo. 36.

*Faris & Oliver* for respondent.

(1) While it is true that the trial courts are by statute required to give their reasons for granting a new trial, yet this statute is not mandatory in the sense that the respondent is required to suffer should the court neglect or omit so to set out its reasons. Hewitt v. Steele, 118 Mo. 463; Bank v. Armstrong, 92 Mo. 265; Milling Co. v. Boggess, 80 Mo. App. 296; Secrist v. Eubank, 104 Mo. App. 113; Roe v. Bank, 167 Mo. 420. On the contrary, the converse seems to be the rule, and the appellant is the one who suffers by such dereliction, to the extent, at least, that before he is entitled to a reversal, he must show that none of the grounds alleged in the motion for a new trial was well taken. Lovell v. Davis, 52 Mo. App. 342; Hewitt v. Steele, 118 Mo. 473; Bank v. Wood, 124 Mo. 72. Appellant had his remedy to compel the trial court to specify its reasons for sustaining the motion for a new trial. Milling Co. v. Boggess, 80 Mo. App. 296. (2) The question for this court to determine is whether or not the action of the trial court in granting a new trial can be sustained upon any one or more of the grounds specified in said motion. (3) This was a plain action in ejectment. Plaintiff must recover if at all on his legal title. At the time of bringing this action, he had no legal title. He did not even have an equitable title.

BURGESS, P. J.—This is an action of ejectment for a one-third interest in two acres of land in the city of Caruthersville. The petition is in the usual form in such cases.

The answer admits the possession of the property,

but denies all other allegations in the petition. It then alleges that one H. Clay Lewis had leased the said land from Mary Jane Pierce and Newton Pierce for the term of five years from the first day of January, 1897; that said lease contained a clause permitting the assignment of said lease, and a farther clause giving to said H. Clay Lewis or assigns the option of renewing the same for a farther term of five years upon the expiration of the first term; that said H. Clay Lewis duly assigned said lease to the defendant; that defendant entered into possession under said lease and still retains possession of said land thereunder; that upon the expiration of the first term of five years defendant gave notice to said lessors that he desired to exercise the option contained in said lease, and to extend the same for a farther term of five years.

The answer also alleges that said Mary J. Pierce is a widow of one W. T. Pierce, and that said premises are a part of the homestead or home place upon which said W. T. Pierce was living with his said wife up to the time of his death; that at the time of the making of said lease to said Lewis, said Mary J. Pierce was residing upon the premises and making it her home, and that she was yet living at the time of the trial.

It farther alleges that the legal title in said land at the time of the making of said lease and at the time of the trial of this cause was in said Mary J. Pierce, and that defendant leased said premises without any knowledge or notice whatever of plaintiff's alleged claim.

Plaintiff replied to defendant's answer, denying all new matter therein contained.

The facts are about as follows:

On the —— day of January, 1885, William T. Pierce died, leaving a will, under the terms of which, after giving to John W. Pierce and Mrs. Mary Ann Camp, two of his children, one hundred dollars each as their full share of his estate, he devised and bequeathed

all his property, real and personal, to his wife, Mary J. Pierce, upon two conditions:

First, that when his son Charles R. Pierce, the plaintiff in this action, should arrive at the age of twenty-one years, she, the said Mary J. Pierce, should pay to him an amount equal to one-third the value of his, the said William Pierce's estate.

Second, that when his son Noah N. Pierce should arrive at the age of twenty-one years, she, the said Mary J. Pierce, should pay to him an amount equal to one-half the remainder of his, William T. Pierce's estate.

And the will concluded its provisions by appointing the said Mary J. Pierce executrix of his, William T. Pierce's last will and testament.

On the 27th day of January, 1885, the will was duly probated, and on the 29th day of June, 1885, the said Mary J. Pierce, was by the probate court of Pemiscot county, Missouri, appointed executrix of said last will and testament and duly qualified as such. Such will was duly recorded, both in the probate court and in the office of the recorder of deeds in Pemiscot county, Missouri..

On the 20th day of April, 1888, Charles R. Pierce, the plaintiff in this cause, reached his majority. The first condition of the will was not complied with, and had never been up to the time of the trial of this cause, but the widow, Mary J. Pierce, and this plaintiff occupied, controlled and collected the rents off of all the deceased's land, among which was the premises of which the land involved in this suit was a part. And the plaintiff collected and received his proportionate part of the rents arising from the premises in question, until December 30, 1896, when one H. C. Lewis, being desirous of getting a location in the city of Caruthersville, on the bank of the Mississippi river, on which to build a warehouse, to be used as a shipping and receiving point, induced Mary J. Pierce and Noah N. Pierce (who in the meantime had reached his majority and who was and

had been receiving his part of the rents of the premises in question, as well as the other lands of the testator since his majority) to enter into an instrument of writing or lease granting to him the premises in question for the period of five years in consideration of him, the said H. C. Lewis, complying with the conditions on his part in said instrument required to be performed, and which said instrument stipulated that the said H. C. Lewis at his option at the end of the term specified should have said premises for another and further period of five years.

After the execution of the instrument referred to the plaintiff continued to collect his proportionate part of the rents arising from the balance of the tract of land off of which the premises in question was carved out until the time of the institution of this action.

On the 21st day of January, 1898, H. C. Lewis assigned his interest in the lease to the defendant, James Lee.

On the 30th day of December, 1901, the five years for which the premises in question were leased expired, and defendant sought to have Mary J. Pierce and Newton Pierce renew the same as per the option therein contained, which they refused to do.

On the 7th day of April, 1902, after said five years had expired, the defendant denying plaintiff's title and ignoring his rights to the premises in question, plaintiff instituted this action.

Plaintiff, at the time of the filing of this action and at the time this trial was had, had never had conveyed to him by Mary Jane Pierce or by any one else the land in controversy or any part thereof. His sole claim thereto was based upon said will.

At the time of the making of the lease in question to said H. C. Lewis, which lease was made on the 30th day of December, 1896, Mary J. Pierce was residing on a portion of the tract from which the land in question was carved. She was living at said date, and continued

so to live until the year 1899, in the home place or house, situated as aforesaid, in which said W. T. Pierce had made his home prior to and at the time of his death. No dower or other interest in any of the lands left by said W. T. Pierce had ever been set-off to his widow. Newton Pierce was residing with his mother on said land at the time the lease in question was made.

It was shown that the value of the whole tract of land, which constituted the homestead of W. T. Pierce and out of which the land in controversy was carved, was not at the time of his death over $1,200.

After the making of the lease in question by Mary J. Pierce and Newton Pierce to said H. Clay Lewis, and after its assignment to defendant, valuable improvements were placed thereon by defendant, and defendant had for more than five years been using the same as a landing for his steamboats and for warehouse purposes. Prior to the beginning of such latter use, the land in question had not been used for any purpose except a yard and other similar purposes for the old homestead.

The plaintiff asked and the court gave the following instructions:

"1. The court instructs the jury, that if you should find and believe from the evidence, that the defendant leased the property in question from Mary J. Pierce and N. N. Pierce, and further find that Charles R. Pierce, N. N. Pierce and Mary J. Pierce are co-tenants of the property, and that defendant James Lee failed and refused to recognize the rights of the plaintiff as a co-tenant thereof, but paid plaintiff's co-tenants exclusively the rents and said co-tenants failed to share said rents and profits in and to said property, then in such case your finding should be for the plaintiff.

"2. The court instructs you, that if you should believe and find from the evidence that the plaintiff was ousted from the use and possession of his interest in the property in question according to instruction numbered 1, then in that case you shall find for the plaintiff

such amount of damages as the proof shows you was a reasonable monthly rental value of the said property, from the date you shall find him to have been ousted.

"3. The court instructs the jury that if you should find and believe from the evidence, that Mary J. Pierce qualified as executor under the will of Wm. T. Pierce, and that said will was duly probated, then as far as she and her assigns are concerned they must abide by the terms of said will and the conveyance of the property therein; and you are further instructed that the condition provided for in said will, 'that Mary J. Pierce should pay to Charles R. Pierce, the plaintiff, the one-third interest of all the devisor's estate, both personal and real, on his arriving at the age of twenty-one years,' is a condition subsequent which inures to the plaintiff to exercise at his option after he arrives at said age; and if you should further find from the evidence that at any time after his arriving at the age of maturity, said property was not so paid to plaintiff and a settlement was not made in compliance with the condition of said will, plaintiff has a right to assert his right of possession to or ownership over his interests in the property conveyed by said will against any adverse holder thereof."

The defendant requested, and the court gave for defendant, the following instructions:

"1. The court instructs the jury, that if you find and believe from the evidence, that the land in suit was a part of the homestead owned by W. T. Pierce in his lifetime; that he lived at and on said lands prior to and up to the time of his death, and that after his death, and up to the time when his widow executed and delivered the lease shown in evidence his said widow, Mary J. Pierce, was living on and making her home upon said land, then and in that event said land constituted the homestead of said Mary J. Pierce and she had the right to lease the same to H. C. Lewis or to any one else.

"2. You are further instructed that H. C. Lewis had the right to assign this lease to the defendant, and that the evidence in this case shows that he did so assign it to the defendant, who upon such assignment took all of the rights and privileges conferred therein upon the said H. C. Lewis. That said lease gave the right to said Lewis or his assigns as to Mrs. Pierce and N. N. Pierce to extend the same for another and further term of five years upon the expiration of the original term of five years, and that all that was necessary to be done by the defendant, James Lee, was that he should give notice to Mary J. Pierce, on or before the expiration of said term originally granted, of his desire to avail himself of the option in said lease contained. So if you find that said defendant, personally or by his agent, did notify said Mary J. Pierce of his desire to extend said lease as aforesaid, on or before the expiration of the same, then by such act the said lease was extended for a further term of five years, from the first day of January, 1902.

"3. You are further instructed that until dower be set out and assigned to a widow, she has the exclusive rights to the rents and all of them arising from the homesteads, or homeplace, and all lands used in connection therewith. So if you find and believe from the evidence that the two acres of land in suit here formed a part of the homestead of said Mary J. Pierce and that no dower has ever been assigned to her out of the estate of her former husband, W. T. Pierce, then and in that event she had the right to lease said land to the said Lewis or to any one else, without joining with her in said lease the plaintiff or Newton Pierce.

"In this connection you are instructed that there is no proof that dower has been assigned to her, but on the contrary proof that no dower has ever been assigned.

"4. You are further instructed that if you believe and find from the evidence that H. C. Lewis rented and leased said land from the said Mary J. Pierce, in the

belief in good faith that she was claiming the same as a homestead; that at the time he so rented it said Mary J. Pierce was living thereon and using it as her home and that said Lewis had no actual knowledge of the terms of the will in question, your verdict and finding will be for the defendant.''

The following instructions were requested by defendant, and were by the court refused:

''5. The court further instructs the jury that if you find and believe from the evidence that the plaintiff has been out of the possession of the land mentioned in his petition, and of the parcel of which it was formerly a part for more than ten years, next before the 7th day of April, 1902, and that Mary J. Pierce and Newton Pierce under whom the defendant claims, and defendant, have been in the open, notorious, exclusive, hostile, peaceable and adverse possession of the said land for more than ten years before the said 7th day of April, 1902, then and in that event your verdict and finding should be for the defendant. And you are instructed that in order to make up this period of ten years, the possession of Mary J. Pierce, if you find that such possession was exclusive and adverse to the plaintiff, may be tacked to, or added to the possession of the defendant.

''6. The court further instructs the jury that if you find and believe from the evidence that Mary J. Pierce has never complied with the terms of the will read in evidence by paying to the plaintiff one-third of the amount of all of the real and personal property left by W. T. Pierce, then and in that event, the plaintiff had the right to bring this suit in the form in which it is here presented to you, and if you should find that plaintiff, in the light of all the law given to you by the court, is entitled to recover, you can find for him only such interest in this land, as one bears to the whole number of

children left by W. T. Pierce, and to two-thirds, that is, an undivided one-sixth interest and no more.''

At the close of all the testimony the defendant asked the court for an instruction in the nature of a demurrer to the evidence, which the court refused to give, and defendant excepted.

The jury returned the following verdict:

''We the jury find the plaintiff is the owner of and entitled to the possession of one-third interest of two acres of land sued for; that the plaintiff has been damaged in the sum of $180, and that the monthly value of the rents is ————— dollars.''

In due time defendant filed motion for new trial, assigning numerous grounds therefor, among which were the following:

''3. That the judgment is against the law under the evidence.

''7. That the court erred in refusing to give instructions numbered 5 and 6, prayed for by the defendant.

''8. That the court erred in refusing to instruct the jury upon the close of plaintiff's case that the verdict and finding ought to be for the defendant.

''9. That the court erred in refusing to instruct the jury upon the close of all the evidence that their verdict and finding should be for the defendant.

''10. That the verdict and judgment are so manifestly contrary to the law and the evidence as to indicate that the same is the result of passion and prejudice on the part of the jury.

''11. That counsel for plaintiff was guilty of improper conduct and made use of improper language in his closing argument herein in the presence of the jury, in this, to-wit, that in said argument said F. D. Roberts used the following language, viz: 'This is a deliberate attempt on the part of these rich Lee Steamers to steal the property of the plaintiff.' ''

The court sustained defendant's said motion for a

new trial and set aside the verdict of the jury. In the order sustaining said motion the court did not give any reason for sustaining the same and for granting a new trial. Thereupon plaintiff took, and now prosecutes this appeal.

It is insisted by plaintiff that the court committed reversible error in not specifying the grounds upon which the new trial was granted. Section 801, Revised Statutes 1899, provides that "only one new trial shall be allowed to either party, except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

Plaintiff argues that the statute is mandatory, while the defendant contends that it is not mandatory in the sense that the defendant is required to suffer for the neglect of the court in failing to specify of record the ground or grounds upon which the new trial was granted. This precise question was passed upon by this court in the case of Roe v. Bank of Versailles, 167 Mo. 406, in which it is held that when the trial court, in sustaining a motion for a new trial, fails to specify the ground upon which its action is based, as required by section 801, Revised Statutes 1899, its action cannot be assumed to have been based on any particular ground, but the ruling will be tried on appeal, as prior to the new statutory rule, by looking into the correctness of the rulings below in admitting evidence, and in giving and refusing instructions.

The third assignment of error presented by the motion for a new trial, and insisted upon before this court as justifying the trial court in granting the new trial, is that the verdict of the jury was against the law under the evidence. In response to this contention, it is only necessary to say, without going into detail, that there was abundant evidence to support the verdict, and we

are not at liberty to presume that the new trial was granted on that ground.

The next assignment of error presented by the motion for a new trial, and insisted upon before us as ground for sustaining the action of the court in allowing a new trial, is the seventh, in which it is asserted that the court erred in refusing to give instructions numbered five and six, asked by defendant. The first of these was properly refused for the want of evidence upon which to predicate it. There was no evidence tending to prove that Mrs. Mary J. Pierce's possession of the property in question was adverse to the plaintiff; upon the other hand, the evidence shows that plaintiff had been collecting his portion of the rents from the time he became of age up to the time his mother and brother, Newton Pierce, leased it to H. C. Lewis on the 30th day of December, 1896. Mrs. Pierce's possession was not, therefore, adverse to plaintiff, and could not be tacked on or added to the possession of defendant.

Said instruction number six was also properly refused because it recognized the right of plaintiff to prosecute this action, when by the express terms of the will the title to all of the property of the testator was vested in plaintiff's mother, Mrs. Mary J. Pierce, for and during her widowhood or lifetime, upon the condition that she pay to plaintiff the amount of one-third of the testator's estate when plaintiff arrived at the age of twenty-one, and to his son Noah N. Pierce, upon his arrival at the age of twenty-one years, one-half of the value of the remainder of testator's estate; but upon the marriage or death of said Mary J. Pierce, the balance of the testator's estate then in the possession of his said wife, or of which she died seized, to be equally divided between the testator's two sons, Charles R. and Noah N. Pierce. While it was shown by the evidence that no part of the value of one-third of the testator's estate was ever paid by his widow to plaintiff in accord-

Pierce v. Lee.

ance with the conditions of the will, yet there was never an entry by plaintiff for condition broken. "By the common law, the only mode of taking advantage of a breach of a condition which had the effect to defeat or work a forfeiture of an estate was by an entry, upon the principle that it required as solemn an act to defeat as to create an estate. And when such entry had been made, the effect was to reduce the estate to the same plight and to cause it to be held on the same terms as if the estate to which the condition was annexed had not been granted. But where a life estate was derived upon condition that the devisee pay a certain annuity, with a limitation over after the death of the devisee for life, and the latter failed to perform, and died leaving a large sum in arrear and unpaid, it was held too late for the heirs of the testator to take advantage of the breach by making an entry, after the estate had passed by limitation into the hands of the remainder-man." [2 Washburn on Real Property (6 Ed.), sec. 953.] But the evidence tends to show that, instead of insisting upon the forfeiture, plaintiff waived the same. He arrived at the age of twenty-one years on the 20th day of April, 1881, and not until the 7th day of April, 1902, was this suit instituted, although he had full knowledge of the breach of said condition, nor did he in the meantime complain, enter upon or take any action to get possession of the property. He also knew that his mother, Mrs. Pierce, had leased the property to Lewis for a term of years, but made no protest, and received his portion of the rents during the term of that lease, and for part of the time after the breach of the condition he lived with his mother on the property devised to her. All this was done, so far as the record discloses, without complaint or any action upon the part of plaintiff to reclaim the land. As was said in Hooper v. Cummings, 45 Mo. 359:

"If ever there could be a waiver of a condition evidenced from the conduct of a party, this would seem to

Pierce v. Lee.

be such a case; certainly as much so as those cases where a person stands silently by and permits property to be conveyed to which he has a legal claim. Lord Coke remarks, 1 Co. Litt. 218, 'Regularly, when any man will take advantage of a condition, if he can enter, he must enter; and, when he cannot enter, he must make a claim; and the reason is, for that a freehold shall not cease without entry or claim, *and also feoffor or grantor may waive the condition at his pleasure.*' *Vide* Willard v. Henry, 2 N. H. 120, where a non-claim for a much shorter period of time was held to be a waiver of the condition.''

It follows that there was no error in refusing instruction number six.

We come now to the only remaining question upon which, in our opinion, it is necessary to pass; that is, the refusal of the court to give the instruction asked by defendant in the nature of a demurrer to the evidence. There is no question better settled, in cases of this character, than that the plaintiff, in order to maintain ejectment, must have the legal title. The evidence clearly shows that the title was not in plaintiff at the commencement of this suit, but was in Mrs. Mary J. Pierce. The legal title to the property was vested in her by the will, for and during her widowhood or lifetime, if she did not marry. It is true this was upon condition as in the will specified, which was never complied with; but as the condition was waived by plaintiff, the legal title remained in the devisee, and she only could maintain ejectment for the possession of the property under the circumstances disclosed by the record in this case.

For these reasons the judgment should be affirmed. It is so ordered.

All concur.