ROBERT A. CAMPBELL, ADMINISTRATOR, Appellant, v. WILLIAM R. HAYDEN et al., Respondents.

St. Louis Court of Appeals. Argued and Submitted February 2, 1914. Opinion Filed March 3, 1914. Opinion on Motion for Rehearing Filed July 2, 1914.

1. APPELLATE PRACTICE: Former Decision: Law of Case. On appeal by defendant from an order granting a new trial on the ground that the verdict for defendant was against the weight of the evidence and was the result of passion and prejudice on the part of the jury, the appellate court held that the case was for the jury, under the evidence presented, and affirmed the action of the trial court in granting a new trial; and, in view of the fact that a retrial was necessary, it passed upon the action of the trial court in the admission and rejection of testimony. On a retrial, a verdict was again rendered for defendant, and plaintiff appealed. *Held*, that defendant's contention, that the judgment of the appellate court on the former appeal is *res adjudicata* on the present appeal, is not tenable, and that it is the law of the case only to the extent that, the issues and testimony being the same, it determines that the case is one for the jury.

2. WITNESSES: Death of Party to Transaction: Competency of Survivor. In an action by an administrator to recover money turned over by decedent to defendants, defended on the theory that decedent had given the money to defendants in consideration of their agreeing to take care of him, defendants were incompetent, under section 6354, Revised Statutes 1909, to testify concerning what took place between decedent and themselves touching the transaction.

3. EXECUTORS AND ADMINISTRATORS: Contract for Care and Support: Sufficiency of Evidence. In an action by an administrator to recover money turned over by decedent to defendants, defended on the theory that decedent had given the money to defendants in consideration of their agreeing to take care of him, evidence *held* sufficient to warrant a finding that decedent and defendants entered into the contract pleaded and that he turned over the money to them in pursuance thereof.

4. EVIDENCE: Parol Evidence Explaining Written Instrument. In an action by an administrator to recover money turned over by decedent to defendants, defended on the theory that decedent had given the money to defendants in consideration of their agreeing to take care of him, parol evidence that a power of

attorney executed by decedent, authorizing defendants to collect moneys and take possession of any property to which he was entitled, was given to facilitate the obtention of money and property by defendants, was admissible, since it did not contradict the power, but merely explained its purpose.

5. NEW TRIAL: Verdict Against Weight of Evidence: Number of New Trials: Appellate Practice. Where the court has set aside one verdict on the ground of insufficiency of the evidence, a second verdict cannot, under section 2023, Revised Statutes 1909, be set aside for the same cause, and the refusal of the trial court to set aside a second verdict on that ground is not reviewable by the appellate court.

### On Motion for Rehearing.

6. EXECUTORS AND ADMINISTRATORS: Contract for Care and Support: Sufficiency of Evidence. In an action by an administrator to recover money turned over by decedent to defendants, the defense that the money was turned over pursuant to a contract whereby, in consideration of it, defendants were to take care of decedent, could be established by proof from which such an agreement could be inferred, for although there must have been a meeting of the minds of the parties and an actual agreement, it was not essential that the agreement should have been put into words.

Appeal from Pike Circuit Court.—*Hon. B. H. Dyer,* Judge.

AFFIRMED.

*Ball & Ball, David A. Ball* and *Hostetter & Haley* for appellant.

(1) The evidence fails to show any contract made between defendants and deceased in Montana, and fails to show a gift and delivery of decedent's money or property in Montana, as alleged in defendants' answer. Walker v. Bohnannan, 243 Mo. 119. (2) Having accepted the power of attorney from the deceased, the defendants became trustees of an express trust and the burden of showing a subsequent valid acquisition of the money collected by them thereunder devolved on defendants. All the money gained by defendants by means of their fiduciary relation, whether through the power of attorney or otherwise belonged to the deceased. James v. Groff, 157 Mo. 421; Jameson v. Glas-

cock, 29 Mo. 191; Bent v. Priest, 86 Mo. 475; Ins. Co. v. Smith, 117 Mo. 295; Newman v. Numan, 152 Mo. 413.

*J. H. Blair and Pearson & Pearson* for respondent.

(1) This cause comes here on the present appeal, on substantially the same evidence, and the same rulings of the trial court, as the former appeal; hence, the decision of the former appeal is *res ad judicata* as to all matters arising on this appeal. Campbell, Admr., v. Hayden, 164 Mo. App. 262. (2) The general rule is, that legal conclusions announced on a first appeal, whether on the general law, or the law as applied to the concrete facts, become and remain the law of the case, not only upon a retrial, but upon a second appeal. Mangold v. Bacon, 237 Mo. 496; Baker v. Railroad, 147 Mo. 140; Cherry v. Railroad, 61 Mo. App. 303; Steele v. Thompson, 38 Mo. App. 312. (3) This cause has been retried in accordance with the rules of the appellate court, announced on the former appeal. No new points are raised by appellant, nor involved in this appeal. For this reason, the judgment should be affirmed. Keith v. Keith, 97 Mo. 223; Bank v. Taylor, 62 Mo. 338; Railroad v. Commission Co., 89 Mo. App. 182; Burkholder v. Henderson, 78 Mo. App. 287; Bolles v. Railroad, 163 Mo. App. 697.

REYNOLDS, P. J.—This is the second appeal of this case. It was here before on the appeal of defendants from an order of the circuit court sustaining a motion for a new trial, a verdict in favor of defendants having been returned. Our court affirmed the action of the trial court. [See Campbell, Admr., v. Hayden et al., 164 Mo. App. 252, 105 S. W. 101.] In sustaining the motion for a new trial and setting aside the verdict rendered in the first trial, the circuit court assigned no grounds for its action. Two of the errors assigned in the motion for new trial were that the verdict was against the weight of the evidence, and

that the verdict was the result of sympathy, passion and prejudice on the part of the jury. In that case counsel for appellants contended at the former hearing before us, that there were no grounds for setting aside the verdict, unless on the weight of the evidence, and that as the evidence was all one way that the trial court should not have set aside the verdict as against the weight of the evidence. We held that the case as thus presented cast upon us the burden and duty of an examination of all the testimony to determine whether it was all one way and would admit of but one conclusion. So examining it, we concluded that the testimony was not all one way but was conflicting, conflicting on material matters, to such an extent as to justify the action of the trial court in setting aside the verdict as being against the weight of the evidence. We further held that one of the reasons assigned in the motion for a new trial being that the verdict was the result of passion and prejudice, the determination of that rested so entirely within the observation of the trial judge, and as that might have been a reason for granting a new trial, that we, as an appellate court, would not interfere with his action in setting aside the verdict. Those were the only grounds upon which we sustained the action of the trial court. As the result would be a new trial, we thought it proper to pass upon the action of the trial court in the admission and rejection of certain testimony. Counsel for these present respondents now argue that our judgment in the former case is *res judicata* in the present action, and that our former decision is "the law of the case." We do not agree that it is *res judicata*. As to its being "the law of the case," it is so only to a limited extent, namely, the issues being in substance the same and the testimony on the vital point in issue being practically to the same effect and general tenor, we held then, and now repeat, that it was a case for the jury.

A patient examination of the evidence shows that it is practically identical with that given at the former trial on the question of the agreement, with this difference: that the court at this last trial admitted in evidence those parts of certain depositions which had been, as we held, improperly excluded at the former trial. Here two or more former witnesses did not testify, one of them the plaintiff; the testimony of the other merely cumulative of other testimony favorable to defendants. We are therefore warranted in referring to our former decision for a statement of the facts, without having to repeat them here. It is true that this last trial was upon amended pleadings, but the amendments made no real change in the issues, the change being more in form that in substance. Some averments contained in the former reply are now in the amended petition, but these and those of the amended answer left the issue as before, namely, did the decedent, Absolem T. Hays, since deceased, make and enter into a parol contract with his nephews, the defendants, by the terms of which the defendants were to take their uncle, to their homes in Pike county, Missouri, and there nurse, care for and support him for the remainder of his life, and that in consideration of such care, etc., and of their agreement to do so, the decedent Absolem T. Hays agreed to and did give to the defendants all of his property and estate. That was the issue formerly tried. That was the issue on this second trial.

The learned counsel for appellant rely upon fifteen grounds for reversal. They not only claim that the judgment should be reversed but ask this court to order the trial court to enter up a judgment in favor of plaintiff as administrator for the whole amount acknowledged to have been received by respondents and for interest.

We will not undertake to pass upon these points in detail, but will endeavor to cover all of them.

The first point is that the evidence fails to show any contract made between defendants and the deceased at Lewistown, in Montana, and fails to show a present gift or delivery of the decedent's money or property, as alleged in defendants' answer. Necessarily the respondents could not testify to what took place between them and their uncle either in Montana or elsewhere, touching this transaction. It is true that the evidence of the witnesses residing in Montana and who did testify as to what had taken place there, does not, in itself, prove a contract made between defendants and the deceased in Montana, under and by the terms of which the decedent then and there made a gift or delivery of the decedent's property as alleged in the answer. It does, however, distinctly show that the decedent stated that it was his intention to give to his nephews, these defendants, all of his money and property and that they were going to take care of him the rest of his life and give him a home and care at their homes in Missouri. It appears that the decedent had at first expected only one of his nephews to come out to Montana for him and had said he was going to give all of his property to that one, but when the two nephews, respondents, both appeared, he then said he intended to give it to both of them; divide it equally between the two, because both of them were going to take care of him. It is in evidence that when the two nephews reached Lewistown and found their uncle sick in the hospital they were with him daily for the week or ten days which elapsed before they started with him to Missouri. In the light of this fact, in the light of the declaration of the uncle that both of the nephews were to take care of him and that he was going to divide his property between them, and in the light of the fact that the nephews did care for him until he died, the jury were warranted in inferring that the matter had been agreed upon between the uncle and these two nephews there in Montana. That

Campbell v. Hayden.

disposes of the contention of the learned counsel for
appellants that there had been no meeting of the minds
—no communication of the intention of the uncle to
the nephews.

Counsel for appellant cite Walker v. Bohannan,
243 Mo. 119, l. c. 137, 147 S. W. 1024, in support of
their contention that the judgment must be reversed
because there is no evidence that decedent and respond-
ents, while in Montana, ever said anything to each other
about the nephews taking care of the uncle and the lat-
ter having given them his property. We do not under-
stand that the decision in Walker v. Bohannan, supra, is
applicable here. There was evidence here from which
the jury was warranted in drawing the inference that
a mutual bargain had then and there been entered into
between the parties, showing a present gift, if you
please to so call it, made and accepted upon the terms
proposed. The jury were furthermore warranted in
drawing such an inference from the evidence of what
occurred between the parties after the uncle arrived
in Missouri and was at the home of one of these neph-
ews and under the care of his nephews. Several wit-
nesses testified that the uncle there said in their pres-
ence that he had given his property to these two neph-
ews; not that he intended to, or then gave it—not as in
the future, or in the present, but in the past; that he
*had* given it. There is not a word of testimony to the
effect that this act of giving had taken place in Missouri.
When speaking of the matter by word and sign the de-
cedent spoke of it, not as something he was then do-
ing, or intended to do, but as of a past, a completed,
transaction. From all the testimony in the case the
jury were warranted in arriving at the conclusion that
the gift had, as averred in the answer of defendants,
been consummated, had taken place, in Montana.

Great stress is laid upon the fact that after ar-
riving in Missouri the decedent had executed a power
of attorney in favor of defendants, giving them full

authority to collect any and all moneys and take pos-
session of all property to which he was entitled, and
to the facts in evidence showing that, acting under this
power of attorney, defendants had collected the money
and property of the decedent and for a time had placed
it on deposit in bank in their names, not as individuals,
but as attorneys in fact for decedent. That was the
evidence of plaintiff in the case. In point of fact,
plaintiff set up this power of attorney in his amended
petition as evidence that the respondents held the
money for their uncle. With the power of attorney
in evidence, the counsel for plaintiff objected to evi-
dence of anything that had been done by defendants
inconsistent with their position as attorneys in fact,
on the ground that it was a contradiction of a written
instrument. We do not think that this position is
tenable. The evidence introduced by respondents was
not in contradiction of the power of attorney but for
the purpose of showing the object of giving it; that
is, to enable the nephews to collect the moneys which
were in bank in the name of the uncle. At the very
time of executing the power of attorney, the uncle de-
clared that he had already given all his property to
these two nephews. There was evidence before the
jury that warranted them in so finding, in finding that
it was understood between the parties at the time this
power of attorney was given by the uncle, that it was
for the purpose of facilitating the collection of the
property and reducing it into possession by his
nephews, and that it was not intended by the parties
as any recognition on the part of either of them that
the uncle was claiming or that defendants were accept-
ing this power of attorney as in contradiction of the
fact that the decedent before then had given his prop-
erty over absolutely to the nephews. Our conclusion
is that there is evidence in the case warranting the
jury in arriving at their verdict.

There is a conflict in the evidence as we held before, but that this verdict is now sustained by the weight of the evidence is settled by the action of the trial court in overruling the motion for a new trial, as it did in the present instance. That the jury, on the same evidence and on practically like issues had, at the former trial, found the same way, is entitled to consideration when a trial court is asked to set aside a verdict as against the weight of the evidence, as was the case here. In fact the statute (section 2023, Revised Statutes 1909) expressly provides that "only one new trial shall be allowed to either party, except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior." Under this section it has been held that where the court has set aside one verdict on the ground of insufficiency of the evidence, a second verdict cannot be set aside for the same cause, and the refusal of the trial court to again set aside a second verdict as against the weight of the evidence is not reviewable by the appellate court. [McFarland v. Accident Ass'n, 124 Mo. 204, l. c. 223, 27 S. W. 436.]

The remainder of the assignments of error are to the giving and refusal of instructions and admission of evidence. It will serve no useful purpose to set out these points in detail. We do not find any reversible error in the rulings on the evidence nor in the action of the court on instructions. The instructions were neither incorrect nor contradictory to instructions given at the instance of appellant. It is sufficient to say that on careful consideration of all those given, in connection with the pleadings and evidence in the case, we find no reversible error in the action of the court in giving them, nor in refusing certain instructions asked by the appellant.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.

181 App. 44

## ON MOTION FOR REHEARING.

PER CURIAM.—A lengthy and somewhat acrimonious motion for rehearing, and an argument or "suggestion," as it is called, in support of the motion has been interposed by the learned counsel for appellant. Those counsel attack the opinion rendered as not supported by the record on the facts. We used general language in stating the facts and have modified the opinion to make that clear. Our opinion rendered when the case was here on the former appeal, is attacked as "bad law." We see no reason to change or modify that opinion. It is the law of the case, as we understand it.

The main point now urged is that our present opinion is in conflict with several decisions of our Supreme Court, notably Forrister v. Sullivan, 231 Mo. 345, 132 S. W. 722; Walker v. Bohannan, 243 Mo. 119, 147 S. W. 1024; Hersman v. Hersman, 253 Mo. 175, 161 S. W. 800. These cases have no relation whatever on their facts, on the issues, or on the law, to the case at bar. They are cases seeking specific performance of oral contracts for conveyances of lands; cases in which it was attempted to remove the contracts from the condemnation of the Statute of Frauds. In such cases, that is, where a decree is sought to compel specific performance of an oral contract to convey land, to authorize a decree the proof necessary to remove the bar of the Statute of Frauds must be so clear and convincing as to leave no reasonable doubt of its existence and terms. But the case at bar is not of this class. It falls under the rule announced in Fitzpatrick v. Dooley, 112 Mo. App. 165, 86 S. W. 719, Cole v. Fitzgerald, 132 Mo. App. 17, 111 S. W. 628; Kingston v. Roberts, 175 Mo. App. 69, 157 S. W. 1042, and Bowman v Shelton, 175 Mo. App. 696, 158 S. W. 404. In all these cases the object of the action was to recover from an estate money said to be due by reason of contracts with the

deceased. Here it is sought to recover from defendants moneys said to have been turned over to them by the deceased in contemplation of services to be rendered. One is the converse of the other. Like rules apply to both.

In Fitzpatrick v. Dooley, supra, it is said (1. c. 172 and 173) : ''In some jurisdictions nothing less than proof of an express agreement will be accepted as the basis of a judgment for compensation. But in this State the agreement may be deduced from circumstances. (Citing cases). Though there must be an actual agreement, established either directly or inferentially, it is not essential that it should have been put into words; but it is essential that there should have occurred what the name implies, namely, a meeting of the minds of the parties on the subject of compensation—a common understanding about it.''

Here there was evidence of that meeting of the minds of the parties on which the jury was warranted in arriving at its verdict. We find no ground to overturn that verdict or the judgment rendered. We have made some slight verbal modifications in the opinion. So modifying it, and adding to it the foregoing, the motion for a rehearing is overruled. All concur.