# A. J. KING, Respondent, v. JOHN E. MANN, Appellant.

Springfield Court of Appeals, December 5, 1921.

1. **APPEAL AND ERROR:** Presumed that New Trial was Granted on Weight of Evidence. ·Where the ground that the judgment is against the weight of the evidence is in the motion for new trial, and the reasons for a new trial are not given in the order sustaining the motion, the appellate court must assume that it was granted on that ground.

2. ————: Grant of New Trial Sustained on Appeal, if Good on Any Ground Set Out. Where an order granting a new trial does not specify the ground on which it was sustained, on appeal the order will be sustained, if it is good on any ground set out in the motion.

3. ————: New Trial: Must be Granted when Verdict is Result of Passion and Prejudice, and Discretion in Granting Will not be Interfered with. Whenever the trial court is satisfied that the verdict is the result of passion and prejudice, it is his duty to grant a new trial, and such discretion will not be interfered with, unless abused.

4. ————: Presumed that Court Did not Violate Statute in Granting Second New Trial. Trial courts have wide discretion in passing on motion for new trial, and the presumption obtains, in the absence of showing to the contrary, that the trial court did not violate Revised Statutes 1919, section 1453, in granting a second new trial.

5. **ATTORNEY AND CLIENT:** Sustaining Demurrer to Petition Held a ''Final Determination,'' Entitling Attorney to Fee. Where an attorney has been retained to bring suit and to fight it in good faith to a final determination, the compensation to be at a fixed amount if he lost, and an increased amount if he won, sustaining a demurrer to the petition *held* a "final determination" of the cause of action in the circuit court, entitling the attorney to his fee, and if he files an amended petition by leave of court, and subsequently withdraws it because no new facts are stated therein, such final determination is not thereby affected.

Appeal from Circuit Court of St. Clair County.—*Hon. C. A. Calvird,* Judge.

AFFIRMED and CERTIFIED to SUPREME. COURT.

*Hargus & Johnson* for appellant.

(1) The law in this case has been settled. King v. Mann, 207 S. W. 836. (2) There can be but one new trial granted to the same party because the verdict is against the weight of the evidence. Sec. 1454, R. S. 1919; O'Donnell v. United Ry. Co., 152 Mo. App. 506; Van Loon v. Power Co., 271 Mo. 209. (3) There was a prior new trial granted plaintiff in this cause on the ground that the verdict was against the weight of the evidence. King v. Mann, 199 S. W. 705. (4) In the absence of due cause an attorney's abandonment of the case of his client will bar recovery. Blanton v. King, 73 Mo. App. 148, 150; King v. Mann, 207 S. W. 836. (5) Whether or not an attorney was employed by the defendant, and if so, whether the latter agreed to pay, and what were the terms of the contract, and whether the services were rendered and their value, and whether an attorney was justified in withdrawing from the case, are all questions of fact for the jury. 4 Cyc., p. 104; King v. Mann, 207 S. W. 836. (6) A trial court cannot arbitrarily exercise its discretion in setting aside a verdict. Van Loon v. Power Co., 271 Mo. 209; Edwards v. Mo. Pac., 82 Mo. App. 486.

*W. M. Bowker, L. E. Crook* and *John A. Gilbreath* for respondent.

(1) Several grounds assigned for new trial. 193 Mo. 363; 123 Mo. App. 313. (2) Presumption obtains that trial court did not violate sec. 1454, R. S. 1919. 211 S. W. 699, in point. (3) Appellate practice in regard to order granting new trials; Discretion of trial judge. 190 Mo. App. 221; 174 Mo. App. 378, 379; 193 Mo. App. 351, good. (4) No record that any previous trial had been granted on the ground that the verdict was against the evidence; effect of Rule. See Oliver v. Frisco, 211 S. W. 699, 701. (5) Passion and prejudice; Misbehavior of jury. 123 Mo. App. 691, 703, 704 and 705 and cited authorities. 190 Mo.

App. 220, and 174 Mo. App. 379.   (6) Questions of law. Whether there is any evidence, or what its legal effect, are matters to be decided by the court.   Twohey v. Fruin, 96 Mo. 104.   "It is conceded that wheher there is any evidence, or what its legal effect may be, is to be declared by the court.   Callahan v. Warne, 40 Mo. 131."   Twohey v. Fruin, 96 Mo. 109.   (7) "Verdict: New Trial.   The Supreme Court will not interfere with the discretion of the trial court in awarding a 'new trial because the verdict was the result of prejudice, partiality, or misapprehension of the evidence, unless it plainly appears that such discretion was arbitrarily or unreasonably exercised."   Lee v. Geo. Knapp & Co., 137 Mo. 385.   (8) "Where there is any evidence, or conflicting inferences may be deduced from the evidence, the question should be submitted to the jury."   Bennett v. Terminal R. Ass'n. of St. Louis, 145 S. W. 433, 242 Mo. 125.   (9) "Where all the evidence in an action is of such character that it affords no room for reasonable controversy about an ultimate fact, there can be no issue for the jury."   Richey v. Woodman of the World, 146 S. W. 461, 163 Mo. App. 235. (10) "Juries may draw conclusions only when founded on facts in evidence, provided the evidence is substantial and a mere scintilla is not sufficient."   McNulty v. St. Louis & S. F. Ry. Co., 148 S. W. 977, 166 Mo. App. 439.   (11) "Where there is no conflict in the testimony, its legal effect may be declared by the court; but, if the facts are such that reasonable men can draw more than one inference from them, the question is for the jury."   Linderman v. Carmin, 164 S. W. 614, 255 Mo. 62.   (12) In the evolution of a trial a verdict of a jury may be likened to a correct conclusion in a syllogism and if the conclusion be not correct it would put the law to open shame if a court, having due regard always for the independence of the jury and its power within bounds, did not apply a correcting hand to see that perverted conclusion was corrected."   Fisher v. St. Louis, 189 Mo. 574.   (13) "Order for a New Trial; appeal.   An appeal from an order of the circuit court granting a new trial, brings only the rulings

of the trial court on the motion for a new trial to this court for review. The usual and immemorial practice here obtains in considering the sufficiency of the trial court's reasons for granting the new trial, to-wit, the *appeal is here* for *review* on *matters* of *law*, and not on the weight of the evidence, nor is this court to substitute its discretion for the discretion of the trial court.'' Haven v. Missouri Ry. Co., 155 Mo. 216. We desire to specially call the court's attention to the following cases: Payne v. Railroad, 129 Mo. 421; Burrell Collins Brokerage Co. v. Hines, 230 S. W. 373.

FARRINGTON, J.—This cause of action is of long standing, and is now for the third time under consideration in the appellate courts of this State. The facts can be found stated in the opinion in the case of King v. Mann, 199 S. W. 705, and particularly in King v. Mann, 207 S. W. 836. The judgment appealed from at this time was rendered in the circuit court of St. Clair county, where the cause was taken on a change of venue. After it was submitted to the jury on instructions and a verdict rendered for the defendant, the trial court granted a new trial without stating any reasons therefor in passing upon a motion for new trial which contained a number of grounds set out by plaintiff in the same cause below, respondent here.

From the record in the case before us, and from the opinions of the Kansas City Court of Appeals heretofore referred to, there is nothing before us to show that the trial court had ever granted a new trial on the ground that any of the judgments rendered were against the weight of the evidence. It has been repeatedly held that where such ground is in the motion for new trial and the reasons for a new trial are not given in the order sustaining such motion, the appellate court can and must assume that it was granted on that ground, which is solely within the province of the trial court. The motion for a new trial in this case had several other grounds on which the court might have well granted a new trial. We must,

therefore, hold that the appeal from the order sustaining the motion for new trial is improvidently taken.

It has been held that where an order granting a new trial does not specify the ground upon which it is sustained, on appeal the order will be sustained if it is good upon any ground set out in the motion. [Metropolitan Lead & Zinc Co. v. Webster, 193 Mo. 351, 92 S. W. 79.] And, it is further held that whenever the trial court is satisfied that the verdict of the jury is the result of passion and prejudice, it is his duty to grant a new trial, and that such discretion will not be interfered with unless abused. [Rigby v. Transit Co., 153 Mo. App. 330, 133 S. W. 110; Claybaugh v. Railroad, 56 Mo. App. 630.]

Trial courts have wide discretion in passing on motions for new trials, and the presumption obtains in the absence of a showing to the contrary that such trial court did not violate section 1453, Revised Statutes of Missouri, 1919, in granting a second new trial. [Oliver v. Railroad, 211 S. W. 699.]

This, we think disposed of the appeal in this case on the matter of procedure or practice. We are, however thoroughly convinced that under the admitted record evidence and the testimony of the defendants as to what the contract was, there should be a direction to a jury to find a verdict for the plaintiff. Taking the defendant's version of the contract and transactions involved as true and eliminating any oral evidence of the plaintiff, there is no legal defense to this action. To be brief, defendant says that he employed the planitiff to file a suit in the circuit court to set aside a trustee's sale which had been made, according to his theory, to defraud him out of his property in a corporation, and he says that he employed the plaintiff to bring that suit in the circuit court of Vernon county and to fight it in good faith to a final determination in the circuit court, and that he agreed to pay him $100 if he fought the case to final determination in the circuit court and lost; or to pay him $200 if he fought it to final determination in the circuit court and won. The record evidence before us shows that the suit was

filed, the petition being set out in our record; it shows that the defendants in that suit filed a general demurrer to the petition. It further shows that the court heard the demurrer and sustained it, and that leave was granted by the court to amend his petition on or before the next term of court.

Defendant testified that he stated to the plaintiff, his lawyer in that case, all of the facts that he knew concerning his cause of action and that his attorney read him the petition and that it contained a statement of the facts which he had given to him, and it was on that first petition that the demurrer, after consideration by the trial court, was sustained. That, without more, was a final determination of that cause of action in the circuit court and entitled the plaintiff to a fee of $100 under defendant's own testimony. Leave was granted, however, to file an amended petition. There is no intimation that in the filing of the original petition or in any conduct or actions of the plaintiff in the trial of the demurrer to the first petition there was any negligence, misconduct or bad faith, but on the other hand the record in the case before us shows that it was heard and understood by the trial court and sustained.

If the first petition contained all of the facts that the defendant had and had given to his attorney, the plaintiff herein, and those facts were set out in the petition and the court sustained a general demurrer to it, such action could be classified as nothing short of a final determination of that case, and under the defendant's testimony the plaintiff earned his fee at that point. Now, what did the plaintiff do thereafter that in any way forfeited that earned fee? It is true he asked leave to file an amended petition, and that was granted. That, however, was a matter that was done by him solely for the protection of his client, a practice which every lawyer and judge knows is constantly engaged in by lawyers whose petitions have gone out on demurrer, hoping that they can find some new fact in their client's favor which they can put in an amended petition and will stand the test of a demurrer.

After the demurrer to the first petition had been sustained, and before the next term of court, the plaintiff filed another petition which he called an amended petition, a copy of which is in the record before us. We have examined the two petitions, the first to which a demurrer was sustained, and the second which was filed, and the second does not contain one substantial or material fact or ground different from the first. The only difference between the two petitions is that the second petition tendered into a court a sum for security to be paid to the purchaser under the deed of trust in case the sale to him was set aside.

The case then presents itself in this wise: a petition had been filed and placed upon in the circuit court and a general demurrer thereto had been sustained. Another petition, in nowise different so far as the substantial grounds upon which the petition attempted to state a cause of action was based was filed. The record shows that at the next term of court the plaintiff's attorney voluntarily dismissed the cause, and it is because of this action of voluntarily dismissing this second amended petition, which was in nowise different from the original petition upon which there had been a final determination, that the defendant here attempts to defeat the plaintiff's cause of action because, as defendant says, the record shows that he voluntarily abandoned his case.

Without going into the oral evidence of the plaintiff, which was undisputed, that he did argue the second demurrer to the amended petition and before voluntarily dismissing the case, having an intimation from the court that he was going to sustain the demurrer, and for that reason rather than see any rights his client may have had forever foreclosed, he voluntarily dismissed, we· conclude that the record evidence which we have heretofore detailed, when the two petitions are presented to us, clearly shows that he had procured a final determination of the case which was presented to him by the defendant when the trial court sustained the demurrer to

the first petition. The very purpose of granting leave to file an amended petition is that some new substantial matter which the first petition did not contain would be contained in an amended petition to be filed, and where the testimony of the defendant in this case shows that there were no new facts to be presented in the amended petition because all had been stated in the original petition, the action of the attorney in voluntarily dismissing it was in perfect accord with good faith and good practice as we know it in this State. The defendant, if he had a cause of action at all, had it stated in the first petition. This he admits, because he says there were no new facts that he could give his attorney to plead after the demurrer to the first petition had been sustained.

The only conclusion that common sense and justice could arrive at would be that the determination of the first demurrer to the original petition filed in the circuit court was a final determination of the defendant's rights. It is said in the case of State ex rel. v. Klein, 140 Mo. 510, 41 S. W. 895: "By a final judgment the rights of the parties in respect to the matter litigated, are settled and concluded, so far as the court which rendered it is concerned." And, it is held in the case of Carpenter v. Landry, 101 S. W. 278, that: "It is settled law in this State (Texas) that a judgment sustaining a general demurrer is a final and conclusive as if rendered upon a hearing of the facts that, if such judgment is not appealed from, the plaintiff is thereby precluded from recovery in another suit between the same parties upon the cause of action to which such demurrer had been sustained."

We, therefore, must hold that the undisputed testimony of the defendant and the undisputed record evidence of the preceedings in court clearly show that the plaintiff had performed his contract and had earned his fee. The whole record is in practically the same condition before us as it appeared before the Kansas City Court of Appeals, as shown by opinions rendered in

King v. Mann, 207 S. W. 836, and in that opinion the court dealt with the question of plaintiff's oral testimony on the second demurrer and held that there could be no directed verdict for the plaintiff for that reason. The opinion does not show that the question on which we have decided this case was raised or considered in that court, yet as we have said, the whole record was before that court, and on such it held that it was error to direct a verdict for plaintiff, and for that reason it will be necessary for us to certify this case to the Supreme Court.

It is, therefore, the judgment of this court that the action of the trial court in granting a motion for new trial was proper, and were the case not transferred to the Supreme Court it would be the order of this court that the circuit court in which this case was tried enter a judgment in favor of the plaintiff for $100 with interest and costs. Because this judgment is apparently in conflict with the decision of the Kansas City Court of Appeals in King v. Mann, 207 S. W. 836, the cause is certified to the Supreme Court for final determination.

*Cox, P. J.,* and *Bradley, J.,* concur.