A. S. KING and I. A. SMITH, Trustees of HINKLE COMPANY, v. KANSAS CITY LIFE INSURANCE COMPANY, a Corporation, Appellant.—No. 37426.—164 S. W. (2d) 458.

Court en Banc, June 13, 1942.

As Modified on Denial of Rehearing, August 12, 1942.

Motion for Rehearing Denied and Opinion Modified, September 8, 1942.

Further Motion for Rehearing Denied, September 24, 1942.

*Cooper, Neel & Sutherland* and *Frank J. Rogers* for appellant; *Ray B. Lucas, Stanley Bassett* and *L. R. Williams* of counsel.

78

*V. E. Phillips, John G. Killiger, Jr.*, and *I. A. Smith* for respondents.

ELLISON, C. J.—This appeal by the defendant life insurance company is from an order of the Jackson County circuit court sustaining the plaintiff-respondents' motion for new trial in a suit for $33,922.68 compensatory damages and $10,000 exemplary damages for wrongful conversion of personal property. Under a mandatory instruction for respondents, eleven of the jury returned a verdict for one cent compensatory damages at the December term, 1939. Respondents' motion for new trial contained twenty-one assignments. At the March term, 1940, the court sustained the motion over appellant's exceptions without stating its reasons, in violation of Sec. 1169, R. S. 1939, sec. 1003, Mo. Stat. Ann., p. 1269. Of the twenty-one assignments in the motion seven complained that the verdict was against the weight of the evidence, or was inadequate; and one asserted there was no evidence to support the verdict. The other assignments were directed to other matters.

The points urged for reversal on this appeal are: (1) the motion was so defective in form that it failed to preserve anything for review; (2) the seven grounds questioning the *weight* of the evidence were inconsistent with the ground charging there was *no* substantial evidence, in which situation the latter "erased" or superseded that former, and became the only ground challenging the sufficiency of the evidence; (3) if the motion was sustained on that ground it was error because there was substantial evidence supporting the one cent verdict; (4) since the term at which the case was tried had lapsed when the motion was sustained, the court had no power to grant a new trial of its own motion (if it did) on the erased weight of evidence assignments; (5) the court erred in sustaining the motion without specifying its reasons, as required by Sec. 1003, supra. Notwithstanding this last assignment, but in obedience to our decisions, appellant further assumes the burden of showing there was no merit in any of the other grounds set up in the motion, which were concerned with the admission and exclusion of evidence, the giving of instructions and improper argument.

The motion for new trial was as follows: "Now on this 13th day of December, 1939, within four days from the return of the verdict

of the jury in this case, come plaintiffs and file their motion for new trial because of certain errors committed by the Court and jury in said trial, as hereinafter set out, to wit: (then follow the 21 grounds). Wherefore on the matters herein, the plaintiffs pray the judgment of the court.''

On its first assignment, that the motion was fatally defective in form, appellant argues it was merely a *suggestion* ▇▇▇ of errors, because it did not ask that the verdict be set aside and for a new trial. The brief cites Sec. 964, R. S. 1939, sec. 812, Mo. Stat. Ann., p. 1062, which requires that ''all motions shall be accompanied by a written specification of the reasons upon which they are founded;'' also Sec. 1238, R. S. 1939, sec. 1072, Mo. Stat. Ann., p. 1373, which defines a motion as ''an application for an order.'' It is this latter ingredient which appellant says is missing.

We are referred also to Melenson v. Howell, 344 Mo. 1137, 1141, 130 S. W. (2d) 555, 557, and Lee's Summit Bldg. & Loan Assn. v. Cross, 345 Mo. 501, 507, 134 S. W. (2d) 19, 22, both of which hold that a motion for new trial performs two functions: (1) assails the verdict; (2) preserves matters of exception for review in the appellate court. The motion in the instant cause, says appellant, omitted the first of these essentials, the assault on the verdict. The third case cited, Maplegreen Realty Co. v. Miss. Valley Trust Co., 237 Mo. 350, 363-5, 141 S. W. 621, 625, held assignments in a motion for new trial directed only against the rulings of a *referee,* could not be construed as applying to the *trial court's* rulings on exceptions to the referee's report; and that in the absence of assignments challenging the latter, such matters of exception were not preserved for review. Speaking to this point the opinion said the appellant might as well file no motion for new trial at all as not to file a good one.

Respondents dismiss these criticisms as hypercritical and point to cases holding that if the document filed as a motion for new trial was so treated by the trial court, it will be accepted as such on appeal. Gray v. Nations, 224 Mo. App. 27, 37, 23 S. W. (2d) 1080, 1085; Morgan v. Keller, 194 Mo. 663, 677, 92 S. W. 75, 78. While not approving the foregoing as a rule without exceptions, we think it applies in this case. The motion denominated itself a motion for new trial, and it is so styled in the records of the trial court and the bill of exceptions authenticated by counsel for the parties. It did recite it was filed because of errors committed by the court and jury during the trial (specifying them) and prayed the judgment of the court thereon. In the absence of some specific challenge below on the ground urged now, we think it would be unreasonably harsh to hold the motion did not, at least by implication, seek a new trial because of the errors alleged.

On the second point—that the seven weight of evidence assignments were nullified by the no evidence assignment—appellant cites

several cases holding an allegation is self-destructive which charges the act of a defendant was both negligent and willful, or that he was a nonresident and had absented or concealed himself from his usual place of abode in this state. But the decisions stressed are Crawford v. K. C. Stockyards Co., 215 Mo. 394, 402-4, 114 S. W. 1057, 1059, and Gates v. Nichols' Sanitorium, 331 Mo. 754, 55 S. W. (2d) 424, 426. In the Crawford case the lower court had sustained a motion for new trial on two grounds specified therein, namely: (1) that peremptory instructions requested by defendant at the close of plaintiff's case and the whole case should have been sustained; (2) that the verdict was not supported by the evidence (which the respondent interpreted to mean, by the weight of the evidence.) This court held that if the second ground meant what the respondent thought, it was inconsistent with the first and must have been incorrectly phrased by inadvertence. Accordingly the order below sustaining the motion on both grounds was treated as having been entered on the theory of a total lack of evidence to sustain the verdict. This Crawford case has been followed in three Court of Appeals cases.*

In the Gates case the motion for new trial assigned error: in the refusal of peremptory instructions at the close of plaintiff's case and the whole case; and because the verdict was against the weight of the evidence. The court sustained the motion on the ground that "under all the evidence the plaintiff is not entitled to recover." The opinion held this meant there was no evidence to support the verdict and a demurrer thereto should have been sustained. Then the opinion quotes approvingly part of the Crawford case which points out that if the order of the trial court specifies the verdict was against the weight of the evidence appellate courts will seldom interfere, but if the reason given be that the verdict was unsupported by substantial evidence the higher courts will ▮▮▮ exercise more firmness—for which reason it is highly important that the trial court clearly show the theory on which it acted.

All these decisions support appellant's contention that there is a marked difference between an assignment charging the verdict was against the weight of the evidence, and one averring there was no evidence to support it. But this is to be noted—in the cases cited the ambiguous or contradictory reasons appeared in the *court order* sustaining the motion for new trial. Inconsistency there is a different thing from inconsistency in the assignments of a motion for new trial, filed by the party who lost the verdict and thereby was put on the defensive. Why should the movant be denied the right to assert there was no substantial evidence to support the verdict; but if he be

---

*Richter v. United Rys. Co., 145 Mo. App. 1, 6-7, 129 S. W. 1055, 1057; Waers & Moffett v. Weisberg & Co., 163 Mo. App. 580, 146 S. W. 818; Gibson v. Ducker & Sons, 170 Mo. App. 135, 155 S. W. 462.

wrong in that at least it is true that the weight of evidence was the other way? It has been done every day throughout our procedural history. If the verdict should be set aside for any reason assigned, it ought to be done. The purpose of the motion is to direct the trial court's attention to all errors not waived. But the court is in a different position: it has the power of decision and must *determine* which assignments are good and reject the others.

This is as far as we need go on that point in this case. If the court in sustaining the motion had given the inconsistent reasons that the verdict was unsupported by substantial evidence and was against the weight of the evidence, we would have to decide whether the former erased the latter, as some of the former cases have done. But since the court assigned no reason, it is unnecessary here. We do hold, however, that appellant is wrong in arguing the seven weight of evidence assignments in respondents' *motion for new trial* were swallowed up by the no evidence assignment. For the reasons stated in the last paragraph they were all carried over in the motion when the cause was continued to the March term, 1940, and were before the court when it sustained the motion. This also disposes of appellant's contention that the trial court lacked jurisdiction at that term to sustain the weight of evidence assignments on its own motion. It did not have to act on its own motion since the whole motion for new trial was before it.

We agree with appellant that the trial court erred in failing to state its reasons for sustaining the motion for new trial. Whether the error is reversible, we shall discuss later. Sec. 1169, R. S. 1939, sec. 1003, Mo. Stat. Ann., p. 1269, reads as follows:

"Only one new trial shall be allowed to either party, except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior; *and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted.*"

The italicized concluding clause was added by Laws Mo. 1887, p. 230. As stated in Iron Mountain Bank v. Armstrong, 92 Mo. 265, 277-8, 4 S. W. 720, 724, decided the same year and citing earlier cases, the practice theretofore, when a motion for new trial had been sustained, required the adversary party to file a term bill of exceptions, abandon the cause at that point, and appeal from the judgment against him; otherwise, he waived errors at the first trial complained of in his motion. On appeal he carried the burden of establishing none of the grounds in the motion were meritorious. Three years later, by Laws Mo. 1891, p. 70, the statute on appeals (Sec. 1184, R. S. 1939, sec. 1018, Mo. Stat. Ann., p. 1286) was enlarged to allow direct appeals from orders granting new trials. Two years after that a cause came to this court on appeal from an order granting a new trial, Hewitt v. Steele, 118 Mo. 463, 472-4, 24 S. W. 440, 443. The

lower court had written an opinion assigning its reasons. On authority of the Iron Mountain case, supra (decided under the old practice) and Lovell v. Davis, 52 Mo. App. 342, 347-8, the decision held this court was not confined to the reasons assigned by the trial court, but was dutybound to review the other grounds set out in the motion, and to sustain the order granting the new trial if it could be done. The opinion did not say it devolved on the respondent to point out such other assigned errors, though, as a matter of fact, the respondent there had done that.

First Natl. Bank v. Wood, 124 Mo. 72, 76-7, 27 S. W. 554, 555, decided in 1894, was the first appeal determined after the amendment of the two statutes, in which the trial court had failed to assign its reasons for granting a new trial. One of the grounds in the motion was that the verdict was against the weight of the evidence. This court, on authority of the Hewitt case, affirmed the action of the lower court on that ground without referring to the statute, now Sec. 1169, supra. Smith v. Sedalia, 152 Mo. 283, 296, 53 S. W. 907, 908, 48 L. R. A. 711, was the first case in which the appellant assigned error on the trial court's failure to comply with the statute. The opinion pointed out that the statute had always forbidden the granting of more than one new trial except for errors of law or misconduct of the jury; and conceded that in a case where more than one new trial had been granted it would be difficult if not impossible to tell whether the later motions had been sustained on the same grounds as the earlier ones, in violation of that part of the statute—unless the reasons for sustaining each motion were stated as required by the last clause of the statute. Nevertheless the decision ruled disobedience of this last clause had never been held reversible error; usually resulted from carelessness of the clerk or oversight of the judge and attorneys; and that the statute did not declare the omission fatal. On that theory the opinion searched the record and affirmed the granting of the motion because of error in the instructions.

Ever since, with one exception presently to be noted, the decisions of this court and the Courts of Appeals have held such shotgun orders valid, in the teeth of the statute. Two cases baldly ruled that in such circumstances the order would be adjudicated under the practice prevailing before the statute was amended, thus disregarding it altogether.[1] Several have held that where the order granting a new trial assigns no reasons, it will be regarded as upholding *all* the grounds presented in the motion;[2] and others that such orders will not be disturbed on appeal "if, on any of the grounds set forth in the motion

---

[1]Roe v. Bank of Versailles, 167 Mo. 406, 420(1), 67 S. W. 303, 306(1); Pierce v. Lee, 197 Mo. 480, 491. 95 S. W. 426, 429.

[2]Ortt v. Leonhardt (St. L. Ct. App.). 68 S. W. 577, 579: Gray v. City of Hannibal (Mo. Div. 2). 29 S. W. (2d) 710, 713; Security Bank of Elvins v. Natl. Surety Co., 333 Mo. 340, 344(1), 62 S. W. (2d) 708, 709; Ward v. Prudential Life Ins. Co. (St. L. Ct. App.), 105 S. W. (2d) 983(1).

it ought to have been sustained."[3] In the first of these that practice was followed although the *respondent* had pointed out the ground on which he thought the trial court based its ruling, and this court deemed it insufficient.

There are still other decisions declaring that if there be an assignment in the motion that the verdict was against the weight of the evidence, the appellate court will *presume* it was sustained on *that* ground, unless the evidence be such *that no verdict in favor of the movant* would ever be allowed to stand.[4] In other words, in such instances if there be substantial conflicting evidence, the appellate court need not look first for assignments in the motion for new trial that *ought* to have been sustained; but by presumption may sustain it on a weight of evidence assignment, which is seemingly contrary to the actual weight of the evidence, Winkler v. Kurn (St. L. Ct. App.), 118 S. W. (2d) 1065, 1067; and which the trial court actually *may* or *may not* have sustained in its wide and almost unreviewable discretion. King v. Mann, supra, 315 Mo. l. c. 326, 286 S. W. l. c. 103.

In sustaining a motion for new trial on that presumptive ground, this court in Gray v. City of Hannibal, supra, 29 S. W. (2d) l. c. 713(10), held such might be done where the record failed to *show* a previous verdict had been set aside on the same ground. Of course, if the order sustaining the previous motion gave no reasons, the record would not show on what ground it has been sustained (unless by presumption). So we have this situation: if successive motions for new trial, each containing a weight of evidence assignment among others, were sustained by general orders specifying no grounds, an appellate court would presume the second motion was sustained ▮▮▮▮ on the weight of evidence assignment although, if an appeal had been or was taken from the first order, the same presumption would be indulged; and the provision of Sec. 1169, supra, which forbids two new trials on that ground, would thereby be violated.

That very predicament confronted this court in King v. Mann, supra, 315 Mo. l. c. 327, 286 S. W. l. c. 104(6). See also same case 199 S. W. 705; 207 S. W. 836; 208 Mo. App. 642, 235 S. W. 506. It appears that the defendant there prevailed in the first circuit court trial and the plaintiff got a new trial, but the record *failed to show* the reasons therefor. On a second trial the defendant again was successful and

[3]Metropolitan Lead & Zinc Mining Co. v. Webster, 193 Mo. 351, 363-4, 92 S. W. 79, 83; Johnson v. Grayson, 230 Mo. 380, 393(1), 130 S. W. 673, 676(1); King v. Mann, 315 Mo. 318, 325-6, 286 S. W. 100, 103; Riche v. City of St. Joseph, 326 Mo. 691, 694-5, 32 S. W. (2d) 578, 579; Home Trust Co. v. Josephson, 339 Mo. 170, 176, 95 S. W. (2d) 1148, 1150(1), 150 A. L. R. 1063; Harris v. McQuay (St. L. Ct. App.), 242 S. W. 1011; 3 West's Mo. Dig., sec. 854(6), p. 148.

[4]Gray v. City of Hannibal, supra, 29 S. W. (2d) l. c. 713; Riche v. City of St. Joseph, supra, 326 Mo. l. c. 695, 32 S. W. (2d) l. c. 579; Natl. Fireproofing Corp. v. Roberts (Sp. Ct. App.), 80 S. W. (2d) 243, 245.

the circuit court granted plaintiff a new trial without assigning its reasons. One of the grounds in the motion was that the verdict was against the weight of the evidence. On appeal the Kansas City Court of Appeals *assumed* the new trial was granted on that ground and affirmed the order. In a third trial the defendant got the verdict and a motion for new trial was granted without specifying the reasons for the order. That appeal went to the Springfield Court of Appeals, which held there was nothing in the record to show a new trial *ever* had been granted on a weight of evidence assignment. On certification of the cause this court agreed with that conclusion and said the Kansas City Court of Appeals on the first appeal had merely ruled the second motion for new trial *may* have been granted on a weight of evidence ground. Hence this court concluded that order did not stand in the way of sustaining the third motion on the same ground. Contrariwise the opinion also invoked the presumption that the trial court did not violate the statute by granting both the second and third new trials on the same weight of evidence ground. Thus it seems that in ruling on such questions we have made presumptions run opposite ways at the same time and alternately. All of this goes to show the futility of tolerating such laxity in the practice in violation of the statute.

We said in the fourth preceding paragraph, there had been one exception to the line of decisions just reviewed. That was Stoner v. Royar, 200 Mo. 444, 450-1, 98 S. W. 601, 603, written by Judge VALIANT who also wrote Smith v. Sedalia, supra. The Stoner case declared if the grounds on which a new trial was granted were not stated in the order it was a neglect of duty, if accidental, and a willful violation of law, if intentional. Continuing the opinion declared: "We have never sanctioned the practice of disregarding the statute that requires the grounds to be stated. When the statute is disregarded an appellant who is forced to bring the record here without specification of the ground on which his verdict was set aside, has not only the burden he would have if the ground had been so specified, but the burden of showing that in the whole record there was no ground justifying the order. We have never reversed an order granting a new trial for failure of the record to show the ground on which the order was founded, because no case has yet come before us in which justice seemed to demand that course."

The Stoner case has been cited several times, but always in support of the practice of *refusing* to reverse the cause for violation of the statute. Thus Cunningham v. Atterbury (K. C. Ct. App.), 163 Mo. App. 594, 596, 147 S. W. 495, while commending the doctrine of the Stoner opinion, nevertheless declared it fell short of holding a failure to specify the grounds on which a new trial had been granted, would render the order nugatory, and added: "There is no rule of law and certainly none of morals that would justify visiting the sins of the

court on the head of the respondent who had no control over the actions of the court.'' But we cannot see any morals in taking away the victory from the party who has gained the verdict, by an order violative of the plain terms of the statute; and forcing him to assume the burden in the appellate court of demonstrating that all the grounds in the motion for new trial were unsubstantial. There can be no doubt about the fact that he is thereby placed at a disadvantage, Long Merc. Co. v. Saffron (St. L. Ct. App.), 104 S. W. (2d) 770, 773. And so far as the other party is concerned, most litigatory misfortunes result from errors of court or counsel or disappointing testimony of witnesses—things for which the litigant is not personally responsible.

We can see no difference in principle between an order granting a new trial which fails to specify any reason for the ruling, in violation of the statute, and an order which fails to state a good one. As said in the Maplegreen case, supra, 237 Mo. l. c. 363, 141 S. W. l. c. 624, ''To speak insufficiently is the same as to ▮ say nothing.'' (*Idem est nihil dicere et insufficienter dicere.*) And it has been the law of this state, at least since the decision of Millar v. Madison Car Co., 130 Mo. 517, 523-4, 31 S. W. 574, 575, that in the latter instance *the burden is on respondent* to show any other tenable grounds justifying the order. See also Schroeder v. Rawlings, 344 Mo. 630, 638(4), 127 S. W. (2d) 678, 683(8). The presumption that when *no* ground is stated *all* the grounds in the motion were sustained, is groping, self-contradictory and unfounded in fact. Every circuit judge is familiar with the statute and if he means to sustain all the assignments in the motion it is easy to say so. Counsel for the movant have no right to sit by silently and profit from a violation of the statute. The beneficiary of the error should bear the burden of proving it harmless. Following the doctrine of the Millar and Schroeder cases, we hold that when the trial court sustains the motion without specifying any reason, the movant must assume the burden of pointing out assignments therein which should have been sustained. The cases to the contrary, heretofore cited, should be overruled.

▮ So far we uphold appellant's contention. But we cannot rule the trial court's failure to state its reasons for sustaining the motion for new trial was reversible error in this instance. For, on the theory stated in the last paragraph, respondents have assumed the burden of pointing out assignments in the motion which should have been sustained, and we think they have done so. We refer to the assignments that the verdict was inadequate. These go to the weight of the evidence, Stegner v. M.-K.-T. Ry. Co., 333 Mo. 1182, 1194, 64 S. W. (2d) 691, 696(6). In considering them it is therefore necessary to weigh the evidence. Appellant agrees respondents have the right to defend the sustention of the motion by showing it contained assignments of error which should have been sustained. But it insists this right is

limited to alleged errors of *law*, because appellate courts cannot weigh evidence except in equity cases. We consider that point first.

It is true there are numerous decisions in this state saying it is the exclusive province of the trial court to determine the weight of the evidence in passing on motions for new trial in law cases; and that appellate courts are not authorized to do it, or are powerless to do it.[1] But such decisions mean only that appellate courts *will* not interfere with the trial court's ruling unless it has arbitrarily or abusively exercised its discretion.[2] The reason is that the trial court has a better opportunity to sense the trial atmosphere, confront the witnesses and consider unrecordable evidences of what the truth more probably is —things which appellate courts usually cannot glean from the cold record. Castorina v. Herrmann, 340 Mo. 1026, 1032(5), 104 S. W. (2d) 297, 300. Hence it is said in some decisions that appellate courts may act with more freedom when the controlling evidence is written and not oral.[3] In other words, it is not a question of jurisdiction but of *policy*.

The constitutional right of trial by jury is not invaded by the granting of a new trial,[4] whether on the weight of the evidence or other ground. The statutes ▮▮▮ authorizing the granting of a new trial, on that ground among others, do not confine the power to trial courts. We so held of Sec. 4124, R. S. 1939, Mo. R. S. A., sec. 4124, in the criminal code, in State v. Gregory, 339 Mo. 133, 141, 96 S. W. (2d) 47, 51. And Secs. 1125 and 1168, R. S. 1939, Mo. R. S. A., secs. 1125, 1168, in the civil code are fully as broad. For over 50 years Sec. 1184, R. S. 1939, Mo. R. S. A., sec. 1184, has allowed an

[1]3 West's Mo. Dig., Appeal and Error, secs. 987, 1005(4), 1015(3); Hunt v. Gillerman Iron & Metal Co., 327 Mo. 887, 890, 39 S. W. (2d) 369, 370(2); Cluck v. Abe, 328 Mo. 81, 86, 40 S. W. (2d) 558, 560(5); Bloch v. Kinder, 338 Mo. 1099, 1103, 93 S. W. (2d) 932, 933(3); State ex rel. Spears v. Hughes, 346 Mo. 421, 425(4), 142 S. W. (2d) 3, 6(4).

[2]3 West's Mo. Dig., Appeal and Error, sec. 979; Haven v. Mo. Rd. Co., 155 Mo. 216, 231, 55 S. W. 1035, 1040; Smith v. Baer, 166 Mo. 392, 406, 66 S. W. 166, 170; Fischer v. St. Louis, 189 Mo. 567, 579, 88 S. W. 82, 85(3); Devine v. St. Louis, 257 Mo. 470, 476, 165 S. W. 1014, 1015, 51 L. R. A. (N. S.) 860, 863; Cochran v. Wilson, 287 Mo. 210, 230, 229 S. W. 1050, 1056; Littig v. Urbauer-Atwood Heating Co., supra, 292 Mo. l. c. 239, 237 S. W. l. c. 782(1); Dietrich v. Cape Brewery-Ice Co., 315 Mo. 507, 521, 286 S. W. 38, 44 (16); Ostrander v. Messmer, 315 Mo. 1165, 1181, 289 S. W. 609, 616(7); Sofian v. Douglas, 324 Mo. 258, 264-5, 23 S. W. (2d) 126, 129(3); Seested v. Post Printing & Pub. Co., 326 Mo. 559, 579, 31 S. W. (2d) 1045, 1054 (18); Rose v. Thompson, 346 Mo. 395, 401(1), 141 S. W. (2d) 824, 827(2); Wripple v. Aaron, 228 Mo. App. 968, 972, 74 S. W. (2d) 1089, 1091(4).

[3]Ray County Savings Bank v. Hutton, 224 Mo. 42, 72, 123 S. W. 47, 57; Neil v. Cunningham Store Co., 149 Mo. App. 53, 56-8, 130 S. W. 503, 505; but contra: Same case, 160 Mo. App. 513, 518, 140 S. W. 947, 948(1); Natl. Warehouse-Storage Co. v. Toomey, 181 Mo. App. 64, 70, 163 S. W. 558, 559(1).

[4]39 Am. Jur., sec. 4, p. 34; Florida East Coast Ry. v. Hayes, 67 Fla. 101, 64 So. 504, 7 A. L. R. 1310, 1312; Devine v. St. Louis, 257 Mo. 470, 477, 165 S. W. 1014, 1015(2), 51 L. R. A. (N. S.) 860.

appeal from *any* order granting a new trial. For nearly 40 years the established appellate practice has been to grant a new trial unless the plaintiff will enter a remittitur of a designated amount, when a damage verdict is deemed excessive. Cook v. Globe Printing Co., 227 Mo. 471, 542-7, 127 S. W. 332, 353. If the size of the verdict in connection with other circumstances indicates passion and prejudice, a new trial will be granted without the alternative of a remittitur. When the verdict is inadequate a new trial will be granted outright. Fischer v. St. Louis, 189 Mo. l. c. 579, 88 S. W. l. c. 85 (3), and other cases cited in the margin, supra, note 2; Dimick v. Schiedt, 293 U. S. 474, 482-7, 79 L. Ed. 603, 55 S. Ct. 296.

In all these situations, and generally, it has long been the rule in this state that appellate courts *can* award a new trial in law cases on a weight of evidence ground, even when the trial court has refused it.[5] And since they may thus *reverse* the action below, undoubtedly they can on the same ground *affirm* it. We must, therefore, overrule appellant's contention that appellate courts lack the power to weigh evidence in reviewing the ruling nisi on a motion for new trial, except in equity cases. But in this connection we should add that nothing said in this opinion is to be understood as advocating a departure from the wise policy followed heretofore when the trial court has denied a new trial or specifically granted one on a discretionary ground. Its action there will not be reversed unless it clearly has abused or arbitrarily exercised its discretion.

We are concerned here solely with cases in which the lower court has awarded a new trial without specifying its reasons, and the respondent seeks an affirmance of that general order by urging that a weight of evidence assignment in the motion was well founded, and may and should have been sustained of record. We hold that appellate practice is allowable. It is our further view that on appeal in such instances less deference should be accorded the trial court's general order than if it had specified the grounds of the ruling—because the order fails affirmatively to show that the court availed itself of its better opportunities for weighing the evidence. But since the motion was sustained on *some* unspecified ground, and the relief sought runs with instead of against the result below, we think the appellate court may take the general order into consideration as a *circumstance* indicating the verdict was against the weight of the evidence and that the trial court so found, when the question is close and no other sustainable grounds are pointed out. At least it

---

[5]Appellate courts cannot, however, hear and *determine* a law case de novo on appeal. Hill v. Stealey (St. L. Ct. App.), 153 S. W. (2d) 813, 815(2); Cazzell v. Schofield, 319 Mo. 1169, 1195, 8 S. W. (2d) 580, 591(4); Annotations, 53 A. L. R. 779. 95 A. L. R. 1164; and State ex rel. Kimbrell v. People's Ice, etc., Co., 246 Mo. 168, 205-6, 151 S. W. 101, 113(3), followed in later cases after vigorous dissent in Johnston v. Star Bucket Pump Co., 274 Mo. 414, 423, 468, 202 S. W. 1143, 1145, 1162, 1165.

would show there was nothing to the contrary in the trial atmosphere, which is the main deterrent when we are asked to reverse the order below. But nevertheless the burden will rest on the respondent to sustain his contention on the face of the whole record.

This seems to us the best solution of a vexatious problem, although it may impose more work on our appellate courts. If we adhere to the present practice, and *presume* the motion was sustained on a weight of evidence ground, although the trial court did not so declare as the statute requires, and the ruling is contrary to our own convictions from the face of the record, the adversary litigant is, in practical effect, deprived of the right to have that question passed upon. If mandamus is sought to compel the trial judge to specify his reasons for sustaining the motion, it means another lawsuit and the appeal is impeded. If the cause is reversed and remanded because of his disobedience of the statute, the movant is prejudiced. The first opinion was filed in this case in Division 2 over a year ago. It was transferred to the court en banc and reargued. Nine written arguments have been filed or tendered for filing by the appellant in the form of briefs, motions for rehearing or suggestions. After giving them every consideration we remain of the view stated in the first opinion.

██ Appellant asks us to pass on another procedural question. The trial court gave a peremptory instruction for plaintiffs (respondents) and appellant does not complain of that. But at appellant's request it also gave an instruction F on nominal damages without exception by respondents. Appellant cites Green v. Term. Rd. Assn., 211 Mo. 18, 30, 109 S. W. 715, 718(a), saying the case holds that in the absence of an exception an error is waived, and an order granting a new trial because of the error cannot stand. Thence it is argued that absent an exception to the giving of instruction F in this case, and the jury following it, respondents are now precluded from contending the verdict was against the weight of the evidence on the issue of nominal damages.

We do not agree. The complaint in the Green case was that an unchallenged instruction *conflicted* with two given for plaintiff (on the humanitarian doctrine, as the original record here shows). Further, it is not true that because the court gives an instruction on an issue without exceptions saved, the other party is thereafter precluded from contending a verdict returned thereunder was against the *weight* of the evidence. The court is warranted in giving an instruction if there is any *substantial* evidence to support it. Flournoy v. Andrews, 5 Mo. 513, 515. This is the law even in those states where the scintilla rule prevails. Iseman v. Hayes, 242 Ky. 302, 307, 46 S. W. (2d) 110, 112(4). We may concede failure to except to the giving of an instruction waives any error in giving it, including conflict between it and other instructions, and also admits there was substantial evidence to support it. But the party does not thereby

estop himself from contending a verdict in accordance with the instruction was against the weight of the evidence. State ex rel. Spears v. Hughes, supra, 346 Mo. 1. c. 424(3), 142 S. W. (2d) 1. c. 5(3). If the giving of instructions were contingent on an ascertainment of the *weight* of the evidence our procedural law would be thrown into confusion and judges would usurp jury functions.

Considering now the evidence. There was considerable evidence for appellants, part of it coming from reputable physicians and dentists, that the machines were impractical, unperfected, outmoded, chemicals caked on the inside emitted a bad smell, rubber fittings had deteriorated, they did not use the proper anaesthetic; and would not sell to the dental profession, all efforts to get them on the market having failed and inflicted financial loss on the promoters. On the other hand respondents introduced evidence that the cost of the material in the machines exceeded $16,000, and that a like sum should be added for labor in manufacturing them and for overhead expenses. They were built in 1931-2. Respondents attributed sales resistance to the hard times between 1931 and 1935. Thirty-five machines were sold for $2400, which was an average of about $68.00 each. The Model D machine was designated to sell for $150. Some were offered for $75. Four rural practitioners, all but one from Harrison County, testified they had purchased and were using the machines and found them satisfactory. They paid from $110 to $150 for them, one doctor being charged $60 in a trade-in. In an execution sale against a former owner the whole lot of machines sold for $350.00. The storage on them was $10 per month for two and a half years, but respondents were unable to pay it part of the time—at least respondent King so testified. Witness Murray for appellant said respondent Smith refused to pay any more rent; that respondent King wasn't in a position to pay it; and that King said he would try to get some money he had coming from mining properties. Six trucks were used by appellant to haul the machines away in 340 boxes, at a cost of $36, when they were sold in the attachment suit.

We think the foregoing evidence shows the verdict of one cent damages was inadequate. Appellant says the case was not tried on the theory of the junk value of the machines. Yet the value of the material, labor, former sales prices, storage, haulage and other like items are all in the record on the question of value. Certainly a verdict of one cent was inadequate under these facts, ignoring altogether respondents' evidence on the value of the machines as finished products at the time they were converted by appellant as the property of a third party in December, 1937, through an attachment suit in justice court under which they were sold the next month and bid in by appellant for $40 without plaintiff's knowledge or presence at the sale.

There is an apparent suggestion in appellant's brief that it had minimized respondents' damages by tendering the machines back. It says: "Moreover, the property still is on hand and a continuing tender has been made to (respondents) for its return." But the point is not briefed by either litigant. We think the tender could not operate to justify the verdict. The conversion occurred in December, 1937. Thereafter appellant offered to return the property upon payment of $500 as reimbursement for its time and expenses. Respondents rejected that offer and brought this suit in June, 1938. The tender was made 17 months later in appellant's amended answer, which offered forthwith and thenceforward to return the property and deliver it into court, without expense to them; but it was not done. The measure of damages was the value of the property. The conversion had become complete and punitive-damages were claimed. As we understood the law, this showing was insufficient to reduce the respondents' claim to nominal damages even though no punitive damages were awarded. 65 C. J., sec. 111, p. 68, sec. 258, p. 144, sec. 270, p. 146. If the appellant had promptly tendered the property back when it learned of its mistake as to respondents' ownership, our conclusion would be different. But instead, it first demanded $500, and then did not make the tender until 23 months after the conversion and 17 months after this suit was brought.

For the reasons stated, the order of the circuit court sustaining respondents' motion for new trial is affirmed.

Div. 2 opn. adopted October 25, 1941; all concur.

Div. 2 opn. adopted en banc June 13, 1942; all concur except *Gantt, J.*, absent.

August 12, 1942, opinion modified on court's own motion; all concur except *Gantt, J.*, absent.

September 8, 1942, opinion modified on court's own motion; all concur except *Gantt, J.*, absent.