**Willie M. CALDWELL (Plaintiff) Appellant-Respondent, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, (Defendant) Respondent, and Vincent Beck, (Defendant) Appellant.**

No. 44196.

Supreme Court of Missouri, Division No. 1.

Jan. 10, 1955.

Opinion Modified Feb. 14, 1955.

Motions for Rehearing or to Transfer to Court en Banc Denied Feb. 14, 1955.

Wilbur C. Schwartz, Harry M. James, St. Louis, Joseph Nessenfeld, St. Louis, of counsel, for appellant Beck.

John Torrey Berger, of Lewis, Rice, Tucker, Allen & Chubb, C. V. Barnhart, of Barnhart, Wood and Bransford, St. Louis, for respondent Caldwell.

Lloyd E. Boas, Lester Stephens, St. Louis, for respondent St. Louis Public Service Co.

VAN OSDOL, Commissioner.

Plaintiff Caldwell instituted this action to recover $50,000 damages for personal injury sustained when struck by the automobile belonging to defendant Beck as the automobile was moving around the passenger bus belonging to defendant St. Louis Public Service Company and being operated by defendant Company on Lockwood Boulevard in St. Louis County. The casualty occurred, as stated, on Lockwood, an east-west street, just west of the intersection of that street with Rock Hill Road, a north-south street. A jury returned a verdict in favor of plaintiff, awarding $35,000 damages as against defendant Company, and against plaintiff and in favor of defendant Beck. However, the trial court sustained the motion for a new trial filed by defendant Company, from which order plaintiff has appealed. And the trial court sustained the motion for a new trial filed by plaintiff, from which order defendant Beck has appealed.

In sustaining defendant Company's motion for a new trial, the trial court specified, as grounds for the sustention of the motion, paragraphs No. 13, including subparagraphs (A) to (L) inclusive; No. 14 including paragraphs (A) and (B); also paragraphs Nos. 20, 21, 22, 24, 26 and 27; all of the paragraphs and subparagraphs thereof being assignments as made in defendant Company's motion for a new trial. Each of the subparagraphs of paragraph No. 13 of defendant Company's motion assigned error in giving a particular numbered instruction requested by plaintiff; and the two subparagraphs of paragraph No. 14 each assigned error in giving an instruction requested by defendant Company's co-defendant Beck. The numbered instructions treated with the issues of liability and the issue of damages. The other paragraphs of the motion (specified in the trial court's order as grounds for sustaining the motion for a new trial) assigned errors of the trial court in ruling objections to controversial incidents occurring upon voir dire, and during the trial and arguments of counsel. The trial court expressly overruled all other assignments in defendant Company's motion for a new trial.

Herein upon appeal, plaintiff-appellant contends the trial court erred in sustaining defendant Company's motion for a new trial as to the specified grounds, including the specified grounds relating to Nos. 13 and 14 and subparagraphs thereof. Plaintiff-appellant contends that the order fails to state any particular error in any of the fourteen instructions; and that the subparagraphs contain only broad, vague, generalized and indefinite assignments of error. It is asserted the trial court's order failed to comply with Supreme Court Rule 1.10, 42 V.A.M.S., and Section 510.330 RSMo 1949, V.A.M.S., and therefore, it is said, defendant-respondent Company had the burden of supporting the correctness of the trial court's action. King v. Kansas City Life Ins. Co., 350 Mo. 75, 164 S.W.2d 458. Having taken this position, plaintiff has not undertaken to demonstrate in his brief that the instructions alluded to in the subparagraphs of paragraphs Nos. 13 and 14 were not prejudicially misleading or erroneous.

Defendant-respondent Company on the other hand, correctly contends the paragraphs Nos. 13 and 14 and subparagraphs thereof not only specify errors in giving the numbered instructions as grounds for the sustention of the motion, but also particularly specify defects or errors in all of them.

It would serve no real purpose to entirely set out all of the paragraphs Nos. 13 and 14 including the subparagraphs thereof. We think it is sufficient to quote, as an example of the specified grounds, the introductory sentence of paragraph No. 13 and the subparagraph (A) thereof, which subparagraph treats with plaintiff's Instruction No. 1—

"13. Because the Court erred in giving and reading to the jury errone-

ous, misleading, illegal and prejudicial instructions offered by plaintiff, and erred in giving each and every instruction given on behalf of plaintiff.

"(A)  Among other reasons Instruction No. 1 was erroneous because it covers matters not pleaded, it is abstract, it contains comments on the evidence, it is ambiguous, it creates doubt, it is a roving commission to the jury, it is not supported by the evidence, it omits a finding of causal connection, it does not negative contributory negligence, it does not state a factual situation under which the plaintiff can recover, it does not properly set out time and place, the description matter is not correctly stated in that this defendant does not operate a 'Kirkwood Line,' it does not require the jury to consider the 'credible' evidence, it incorrectly gives the jury an alternative, it is argumentative and it is repetitious and unduly emphasizes elements."

■  Examining the subparagraph (A), it would be difficult indeed to determine the defects or errors in Instruction No. 1 which the trial court had in mind as the real bases or reasons for its action in sustaining the motion for a new trial as to that instruction. Of course, it must be said faults or defects or errors in the various instructions were particularized in the trial court's order—overparticularized, in fact; and we cannot approve the trial court's action in adopting (and specifying as a ground for granting a new trial) the "shotgun" assignment as made by defendant Company in paragraph No. 13 (A) of its motion for a new trial. Nevertheless, the trial court did specify of record the ground or grounds on which the new trial was granted by stating the trial court erred in giving the instructions numbered as referred to in the subparagraphs of paragraphs Nos. 13 and 14.

■  As stated, plaintiff-appellant has asserted in his brief that the trial court erred in granting the new trial, and he could have briefed the allegation, that is, he could have undertaken to demonstrate in his brief herein that the fourteen instructions were properly given and were not misleading or erroneous and prejudicial to defendant Company.  This, plaintiff-appellant did not do.  Neither did plaintiff-appellant seek to invoke Rule 1.10 by serving on respondent the statement of the allegation as provided by the rule.  In this situation, we are without the benefit of a brief supporting or refuting plaintiff's allegation that the trial court erred in awarding the new trial on the specified grounds of error in the numbered instructions.  Consequently, we shall presume the trial court did not err in awarding the new trial on those grounds, and we hold the trial court's order as to the issues of plaintiff's claim against defendant Company including the issue of damages should be affirmed.

We find it unnecessary to examine contentions with reference to other paragraphs specifying other grounds for granting defendant Company's motion for a new trial. These specifications, as stated, related to asserted errors in the trial court's rulings upon assertedly untoward incidents occurring during voir dire, during the trial and arguments of counsel.  We trust that, upon a retrial, counsel will conduct themselves in such courteous and orderly ways that their demeanor will measure up to that expected in a court of justice.

In awarding plaintiff a new trial upon the issues of plaintiff's claim against defendant Beck, the trial court specified grounds Nos. 1, 2, and 3 as assigned in plaintiff's motion for a new trial.  These assignments were that Instructions Nos. 4 and 13, given at the request of defendant Beck, and Instruction No. 5, given at the request of defendant St. Louis Public Service Company, were "erroneous, misleading, illegal, improper and prejudicial to the plaintiff."  Herein, defendant-appellant Beck contends the instructions were not erroneous or misleading, and prejudicial; and additionally contends that plaintiff failed to make out a submissible case as against him, defendant Beck, and consequently that the trial court erred in failing to sustain his motion for a direct-

ed verdict. These contentions require a statement of the evidence.

Approaching Rock Hill Road from the west, Lockwood Boulevard makes a slight right-hand curve and then more or less straightens out about one hundred fifty feet west of the intersection. The boulevard then continues slightly downgrade to the intersection. Passing into the intersection, Lockwood "fans out" to greater width and veers or "jogs" the street's approximate width to the left (northwardly) and then narrowing again continues eastwardly. Rock Hill Road approaching from the south and passing into and through the intersection veers or "jogs" the street's approximate width to the right (eastwardly) and then again continues northwardly. There is a bus-zone sign on an iron post on the south side of Lockwood about fifty feet west of the southwest corner of the intersection. A photograph, an exhibit introduced into evidence, discloses a "Slow-Stop Sign Ahead" sign on a post south of Lockwood approximately one hundred fifty feet west of the intersection. (There is a conflict in the evidence as to whether this sign was on the post at the time of the casualty.) The defendant St. Louis Public Service Company has a "turnaround" station northwest of the intersection.

There was evidence tending to show that plaintiff had been a passenger on defendant Company's bus which had moved eastwardly on Lockwood and had approached and stopped with its front end some distance past the bus-zone sign. Plaintiff got off the bus by way of the rear door. He walked eastwardly, and then "started off (northwardly) in front of the bus, the bus started off, and I got about three-quarters, a little over three feet across the bus * * * a little past it, past the bus a little, about halfway, a little over halfway past it, and the bus started off. * * * I made a jump over this way (indicating). When I jumped over that way, I don't know nothing else." Plaintiff had moved northwardly into the path of and was struck by the automobile driven eastwardly on Lockwood by defendant Beck.

Defendant Beck testified he had been driving twenty to twenty-five miles an hour and was about one hundred fifty feet from the bus when he first noticed it. It was standing still. He slowed his automobile to fifteen or eighteen miles an hour. It was "awfully close" to that speed "when I hit the man." When defendant Beck had been "just about passing" the rear end of the bus, he heard the roar of the Diesel engine. This roar occurs upon "forward motion." He saw plaintiff the instant of the collision—"As I hit him, he shot out; he was already gone." The bus did not stop. Defendant Beck further said he had passed the bus with the right side of his automobile "awful close to three feet" from the left side of the bus. The left side of his automobile was "hugging * * * or right on" the center line of Lockwood. He stopped his automobile within about nine feet. He said plaintiff was lying about five feet in front of the automobile. There was a conflict of the evidence as to the point where plaintiff's body rested as he lay on the pavement. Defendant Beck indicated plaintiff was lying about five feet west of the west line of the intersection. A police officer said plaintiff was lying at a point about three feet east of the west line of the intersection. Defendant Company had introduced evidence tending to show the bus had not moved before the casualty, but had remained stationary as it was when plaintiff had been discharged as a passenger.

All of this transpired about 9:45 on a clear Sunday morning in February, 1952.

At plaintiff's instance, the trial court gave Instruction No. 3 which purportedly hypothesized the circumstances in which the casualty occurred and submitted negligence of defendant Beck as follows,

"* * * and if you further find that Vincent Beck at said time and place operated his automobile at a rate of speed of fifteen to eighteen miles per hour and if you find that such speed was high, excessive and dangerous under the aforesaid circumstances and if you find that in so operating his

automobile at such speed under such circumstances that defendant Beck failed to exercise the highest degree of care and was thereby negligent and that such negligence, if any, directly caused plaintiff to be injured or if you find that such negligence of Vincent Beck directly combined and concurred with the negligence, if any, of the defendant St. Louis Public Service Company as submitted in Instruction Number 1 and thereby directly contributed in part to cause plaintiff to be injured then in either event plaintiff is entitled to recover and your verdict should be in favor of plaintiff and against defendant Beck."

■ In addressing ourselves to the defendant-appellant Beck's contention that plaintiff failed to make out a case as submitted, we take into account the facts, as stated, that defendant Beck was moving at a speed of fifteen to eighteen miles an hour (the speed submitted to the jury as excessive and dangerous) in approaching and passing the bus which was either stationary or just moving forward from the bus zone where passengers including plaintiff had been discharged. The bus was a short distance from a street intersection, and whether stationary or moving, the bus obstructed defendant Beck's view of Rock Hill Road to the southeastward and of the southerly portion of the intersection so that he could not see vehicles, or pedestrians, including passengers who had been discharged in the bus zone, coming from the south or southeast in front of the bus and passing or intending to pass over the street northwardly or to move westwardly on Lockwood. Defendant Beck was moving his automobile, with its right side close to "awful close to three feet" of the left side of the bus and so he was the more out of position to observe vehicles or pedestrians passing in front of the bus. In these circumstances, we think it should not be said it could not be reasonably found that defendant Beck was negligent in moving at the rate of speed as submitted; we believe the questions whether the rate of speed defendant Beck said he

was moving, and as submitted by plaintiff's Instruction No. 3, was excessive and dangerous in the circumstances, and whether defendant Beck was negligent were for the jury. Wood v. Claussen, Mo.App., 207 S.W.2d 802; Bear v. Devore, Mo.App., 176 S.W.2d 862; Bramblett v. Harlow, Mo. App., 75 S.W.2d 626.

Plaintiff-respondent in his brief has conceded that defendant Beck's Instruction No. 4 was a correct submission of the converse of plaintiff's Instruction No. 3 and concedes that the trial court erred in sustaining plaintiff's motion for a new trial on the specified ground No. 2 thereof.

Attending now the contention of error in Instruction No. 13—we are of the opinion that, in this case, the trial court had good reasons for sustaining plaintiff's motion for a new trial on the specified ground that the instruction was erroneous, misleading and prejudicial. The instruction was as follows,

"The Court instructs the jury that the burden of proof in this case is upon the plaintiff to prove by the preponderance, that is, the greater weight of the credible evidence that the defendant Vincent Beck was guilty of negligence on the occasion in question as outlined in Instruction No. 2 (sic), and unless you find and believe from the evidence that the plaintiff has proved by the preponderance of the credible evidence that Vincent Beck was guilty of negligence as defined in Instruction No. 2 (sic), and that such negligence, if any, was the direct and proximate cause of the injuries complained of, then your verdict must be for the defendant Vincent Beck. * * *"

■ Plaintiff's theory was that the submitted negligence of defendant Beck (plaintiff's Instruction No. 3) was the cause or was a cause concurring with the submitted negligence of defendant Company (in starting "said bus in motion" and driving the bus toward plaintiff) in causing plaintiff

injury. The Instruction No. 13 directed a verdict for defendant Beck unless the jury found and believed "that such negligence * * * was *the* direct and proximate cause" of plaintiff's injury. It is not the law that defendant Beck's negligence must have been the sole proximate cause of plaintiff's injury in order for that defendant to be liable therefor. A defendant is liable for an injury, if he is guilty of negligence which is a contributing or concurring cause, but not the sole cause, if it combines with other causes (than contributory negligence of plaintiff) to produce it. "Otherwise stated, a defendant is liable if his negligence is *a* proximate cause of an injury even though it is not the sole proximate cause thereof." (Our italics.) King v. Rieth, 341 Mo. 467, 108 S.W.2d 1, 5; Fawkes v. National Refining Co., 341 Mo. 630, 108 S.W.2d 7; Stollhans v. City of St. Louis, 343 Mo. 467, 121 S.W.2d 808. Instruction No. 13 was therefore technically in conflict with plaintiff's Instruction No. 3, and, in this case wherein the record discloses that each of defendants was urging upon the jury the factual theory that plaintiff's injury was occasioned by the negligence of the other, the trial court was justified in ruling that instruction was erroneous, misleading and prejudicial to plaintiff. This is because the jury may have returned a verdict in favor of defendant Beck even though the jury believed that defendant Beck was negligent as submitted and that his negligence concurred with negligence of defendant Company in causing the casualty.

Inasmuch as the cause is to be remanded, we shall not prolong this opinion for an examination of plaintiff-appellant's contention of error in Instruction No. 5. Error in the instruction, if any be apparent to counsel, may be avoided upon a retrial.

The new trial orders should be affirmed, and the cause remanded for retrial of the issues of liability and damages as against both defendants.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the judges concur, except WESTHUES, J., not sitting.